# HOLLON PARKER, Petitioner.

## ORIGINAL.

No. 5. Original. Submitted April 26, 1889. — Decided May 13, 1889.

An appeal taken from the judgment of a District Court in Washington Territory to the Supreme Court, under the territorial act of November 23, 1883, in relation to the removal of causes to the Supreme Court, is a matter of right, if taken within the prescribed time, and no notice of intention to take it need be given.

Rights, under our system of law and procedure, do not rest in the discretionary authority of any officer, judicial or otherwise.

The chambers of a district judge of Washington Territory, who is also a judge of the Supreme Court of the Territory, may be held whilst he is in attendance upon the Supreme Court at the place where such court is sitting, although it be without the territorial limits of his district, and at such chambers he may receive notice of an appeal from a judgment rendered by him within his district.

Mandamus lies where an inferior court refuses to take jurisdiction, when by law it ought to do so, or when, having obtained jurisdiction, it refuses to proceed in its exercise. *Ex parte Brown,* 116 U. S. 401, distinguished.

A writ of mandamus to correct a mistake of an inferior court as to its jurisdiction may issue to the court and to its judges, although the court is composed of different members from those by whom the error complained of was committed.

PETITION for a writ of mandamus. The case is stated in the opinion.

*Mr. John H. Mitchell* for the petitioner.

*Mr. W. W. Upton, Mr. C. B. Upton, Mr. John B. Allen, Mr. B. L. Sharpstein* and *Mr. J. L. Sharpstein* opposing.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an application for a writ of mandamus to the Supreme Court of Washington Territory to reinstate an appeal to that court from a judgment of the District Court of the First Judicial District of the Territory, dismissed for alleged irregularity in taking it. The case is before us on a return of the Supreme Court to our rule. The material facts upon which the application is made, condensed from the statement contained in the record and briefs of counsel, are as follows:

In May, 1884, the petitioner, Hollon Parker, commenced an action in the District Court of the First Judicial District of Washington Territory against George Dacres, to recover possession of certain real property situated in the county of Walla Walla, in the Territory, and demanding also in his complaint $22,500 as the value of the rents and profits of the property whilst unlawfully detained from him. The defendant appeared and answered the complaint, denying generally its allegations, and setting up that he had purchased the premises at a judicial sale had on a judgment rendered in an action between other parties in that court, and had made permanent improvements thereon to the value of $6000. The plaintiff replied to the answer, denying its allegations. On the trial which followed, the defendant, under the instructions of the court, obtained a verdict of the jury, upon which judgment was entered in his favor on the 14th of February, 1885. Soon afterwards, and during the same month, an appeal from the judgment was taken by the plaintiff to the Supreme Court of the Territory, which, on the 14th of July following was dismissed, because no assignment of errors had been filed with the clerk of the District Court and served on the adverse party or his attorney, within twenty days after entry of notice of appeal in the journal of the District Court, as required by its rules.

By the law of the Territory a party against whom a judgment is rendered is allowed six months to appeal from it. In this case the time to appeal extended to August 14, 1885. Accordingly, on the 27th of July, 1885, the plaintiff gave another

notice of appeal, by writ of error, to the Supreme Court of the
Territory, from the judgment, at the chambers of the judge
of the District Court, and requested that the notice be entered
upon the journal of the court, and it was thereupon ordered
that the notice of appeal be thus entered, and that the appeal
be allowed. This proceeding was had at the chambers of the
district judge whilst he was at Olympia, attending the Supreme
Court of the Territory, he being one of its members. Olym-
pia is without the territorial limits of the district of which he
was judge.

The important sections of the act of the Territory of No-
vember 23, 1883, under which the appeal was taken, are as
follows:

" An act in relation to the removal of causes to the Supreme
Court.

" Sec. 1. *Be it enacted by the Legislative Assembly of Wash-
ington Territory*, That any person desiring to remove a cause
from any District Court of Washington Territory may do so,
either in person or by his attorney of record, and in the follow-
ing manner: Such person or attorney may give notice in open
court, or at chambers, that he appeals such cause to the Su-
preme Court of the Territory; such notice shall, by order of
.the court, or judge having jurisdiction of the cause, be entered
in the journal of such court, and no other service or notice
shall be required; and thereupon the clerk of such court shall
make and certify a full and complete transcript of said cause,
including the journal entries thereunto appertaining, and cause
such transcript to be filed with the clerk of the Supreme
Court within the time allowed by law; and thereupon the Su-
preme Court shall have complete and perfect jurisdiction of
such cause.

" Sec. 2. That the Supreme Court shall hear and determine
all causes removed thereto, in the manner hereinbefore pro-
vided, upon the merits thereof, disregarding all technicalities."

" Sec. 5. The notice of appeal hereinbefore provided for
may be given at any time within six months after the rendi-,

tion ·of the judgment, order, or decision intended to be removed to the Supreme Court.

"Sec. 6. All acts and parts of acts, so far as they conflict herewith, are hereby repealed.

"Approved November 23, 1883."

Subsequently the defendant moved to dismiss this second appeal, and at the January Term of the Supreme Court of 1887, it was dismissed, on the ground that the notice of appeal not being given in open court, and being in its nature an application for an order allowing the appeal, was entertained by the judge without the preliminary notice to the adverse party prescribed by § 2140 of the code. 3 Washington Ter. 12. That section, so far as it relates to this matter, is as follows:

"Sec. 2140. When a party to an action has appeared in the same he shall be entitled to at least three days' notice of any trial, hearing, motion, or application to be had or made therein, before any judge at chambers; which motion shall be in writing, setting forth the nature of the motion or application and the grounds thereof, and specifying the time and place where the same will be made, and which may be served on the adverse party or his attorney."

It would appear, from the statements of counsel, that on the argument of the motion to dismiss the appeal it was also contended that the district judge of the First Judicial District had no jurisdiction to hear the application for an appeal at chambers without the territorial limits of his district; and that position is also taken here.

We are of opinion that neither the objection that no notice of application for the appeal was given, nor that the judge, in acting without the territorial limits of his district, was without jurisdiction in the matter, is tenable.

1. The act of the Territory of November 23, 1883, in providing for a new mode, different from what previously existed, by which cases can be removed from the District Court to the Supreme Court of the Territory, declares that notice of appeal may be given in open court or at chambers; that such notice shall, by order of the court or judge having jurisdiction, be

entered on the journal of the court; and that no other service or notice shall be required. This language is inconsistent with any requirement that notice to the opposite party shall be given that the party desirous of appealing intends to give notice of an appeal. The nature of the proceeding is such that no notice of it is required before application is made to the judge. When an appeal is taken notice of the fact is usually given to the opposite party, or a citation is served on him. The act of the Territory, however, renders the entry upon the journal sufficient notice to all parties. Section 2140 of the code can have no proper application to orders which are granted of course, as being matters of right, but only to those matters which may be contested and refused. An appeal from a District Court to the Supreme Court of the Territory within the six months allowed by law was not a matter which could be refused at the discretion of the district judge or court. Rights under our system of law and procedure do not rest in the discretionary authority of any officer, judicial or otherwise. There was, therefore, no occasion to give notice of the intention of the party to take the proceeding.

The second objection is equally untenable. When the law allowed the proceeding to be taken at the chambers of the judge of the court, it meant at the chambers where he can conveniently attend to business relating to cases in his district, not that they must necessarily be within the territorial limits of his district. As one of the judges of the Territory, it is a part of his duty to sit in the Supreme Court. He is one of its members, and his chambers, whilst the Supreme Court is in session, and he is in attendance upon it, may be at the place where that court is sitting. Otherwise, the right of appeal within the six months allowed by law would be abridged for the period for which notice is to be given.

It is also objected that mandamus is not the proper remedy for the petitioner, under the decision in *Ex parte Brown*, 116 U. S. 401. There the Supreme Court of the Territory entertained jurisdiction of the cause which was brought before it by appeal, but dismissed it for want of due prosecution; that is to say, because errors had not been assigned in accordance

with rules of practice applicable to the form of the action; and we held that the judgment could only be reviewed here on writ of error or appeal, as the case might be. In the case before us, the Supreme Court of the Territory dismissed the appeal because not properly taken; that is, because the cause had not been brought before it from the lower court. The distinction in the two cases is obvious: in the one, the court below had taken jurisdiction and acted; but in the present case it refused to take jurisdiction. The right of mandamus lies, as held in *Ex parte Parker*, 120 U. S. 737, where an inferior court refuses to take jurisdiction when by law it ought to do so, or where, having obtained jurisdiction, it refuses to proceed in its exercise. It does not lie to correct alleged errors in the exercise of its judicial discretion. *Ex parte Morgan*, 114 U. S. 174; *Chateaugay Ore and Iron Co., Petitioner*, 128 U. S. 544, 557.

It is also objected that when the order dismissing the appeal was made the Supreme Court of the Territory consisted of other judges than its present members. The then Chief Justice has died and a new Chief Justice occupies his place. The only Associate Justice then in office who now remains on the bench, Mr. Justice Langford, took no part in the decision. The question, therefore, is raised whether under such circumstances the mandamus can issue to the court, constituted as it now is, to reinstate a case dismissed by their predecessors. We do not think the objection is tenable. The mandamus is to correct a mistake as to its jurisdiction, committed by the court, and although it is the custom in such cases to direct the writ not merely to the court but to its judges by name, yet including their names within the writ, except in special cases where disobedience may be apprehended, is at the present day little more than a mere matter of form. Disobedience to the writ would be as unusual on the part of the court to which it is directed as would be a refusal to carry into effect the reversal of its judgment in an ordinary action. The object of the writ in the present case is to require the court to proceed in a matter properly cognizable by it, but upon which, from a mistaken view of the law as to its jurisdiction, it has refused

to act. *Thompson* v. *United States,* 103 U. S. 480, 483; *People* v. *Collins,* 19 Wend. 56; *State* v. *Warner,* 55 Wisconsin, 571.

> *It follows that the writ of mandamus must issue as prayed, directing the Supreme Court of the Territory to reinstate the appeal taken to it in the case mentioned, and to proceed to the hearing thereof in the usual course of its business.*