FRANKFURT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1916. Rehearing Denied May 20, 1916.)

No. 2762.

1. CONSPIRACY ⬅43(6)—To CONCEAL PROPERTY—INDICTMENT.

An indictment charging a conspiracy to conceal, contrary to Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1913, § 10201) § 37, property belonging to a copartnership which subsequently filed a voluntary petition in bankruptcy, *held* sufficient.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 86, 91; Dec. Dig. ⬅43(6).]

2. CRIMINAL LAW  ⬦1167(2)—HARMLESS ERROR—RULINGS ON INDICTMENT—
    SEPARATE COUNTS.

    Where accused was convicted on two counts, and sentence was passed on both counts, but ordered to run concurrently, and one of the counts was sufficient, error in sustaining the other count was harmless.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3101; Dec. Dig. ⬦1167(2).]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Ben Frankfurt was convicted of conspiracy to conceal the property of a bankrupt, and of concealing the property, and he brings error. Affirmed.

The second count of the indictment was as follows:

"Second Count: And the grand jurors aforesaid upon their said oaths do further present in and to said court that on, to wit, the 9th day of December, 1914, the said John W. Easterwood, Rufus Easterwood, Ben Frankfurt, and S. W. Skinner did then and there unlawfully, corruptly, fraudulently, willfully and feloniously conspire, combine, confederate, and agree together within the Tyler division of the Eastern district of Texas, to wit, in Henderson county, the state of Texas, and within the jurisdiction of this court to commit an offense against the United States of America as follows, to wit, That is to say: The said Easterwood Dry Goods Company was then and there a mercantile firm consisting of John W. Easterwood, Rufus Easterwood, and S. W. Skinner, engaged in selling goods, wares, and merchandise in the town of Athens, in the county of Henderson and state aforesaid, and he, the said John W. Easterwood, and he, the said Rufus Easterwood, and he, the said Ben Frankfurt, and he, the said S. W. Skinner, on the date aforesaid, at the place aforesaid, conspired, agreed, combined, and confederated to effect and in substance that the said Easterwood Dry Goods Company should thereafter file its voluntary petition in bankruptcy under and as provided for in and by the acts of the United States Congress in the act commonly called and known the 'Law of Bankruptcy,' and that in anticipation of said voluntary bankruptcy on the part of the said Easterwood Dry Goods Company that the said Ben Frankfurt, Rufus Easterwood, and S. W. Skinner should hide, secrete, and conceal a large part of the stock of merchandise in the store of the said Easterwood Dry Goods Company at Athens, Henderson county, Texas, where said Easterwood Dry Goods Company was doing business, and that the said John W. Easterwood, Rufus Easterwood, and S. W. Skinner should, at the time that the Easterwood Dry Goods Company filed its petition in bankruptcy, unlawfully, knowingly, and fraudulently hide, secrete, conceal, and keep that part of said stock of goods, wares, and merchandise, so before that time secreted, hid, and concealed by them, the said Ben Frankfurt, Rufus Easterwood, and S. W. Skinner, out of and from the schedules so filed in said bankruptcy proceeding, and that the said John W. Easterwood, Rufus Easterwood, and S. W. Skinner, composing the firm of Easterwood Dry Goods Company aforesaid, as and while such bankrupt should unlawfully, knowingly, fraudulently, and willfully conceal from the trustee in bankruptcy thereafter to be appointed in the said bankruptcy proceedings that part of the said stock of goods, wares, and merchandise so hid, secreted, and concealed, as aforesaid, which said part of said stock of goods, wares, and merchandise belong to said business, and was a part of the assets of said Easterwood Dry Goods Company, and was subject to the said Bankruptcy Act, and which should be properly scheduled as a part of its said estate in bankruptcy and turned over to said trustee in bankruptcy; that the said Ben Frankfurt, Rufus Easterwood, and S. W. Skinner were to conceal said assets and property as aforesaid, and on the 9th day of December, A. D. 1914, in pursuance of their said agreement and in aid thereof, and in furtherance and for the purpose of effecting the object of said unlawful and malicious combination and con-

spiracy, formed and entered into as aforesaid, for the purpose and object aforesaid, the said Ben Frankfurt, Rufus Easterwood, and S. W. Skinner did unlawfully, fraudulently, and willfully secrete, hide, and conceal a large amount of the goods, wares, and merchandise belonging to the stock of the said Easterwood Dry Goods Company at Athens, Henderson county, Texas, in anticipation of the filing of the petition in bankruptcy by the said Easterwood Dry Goods Company, as hereinbefore set out, and on the 9th day of December, A. D. 1914, the said Easterwood Dry Goods Company filed in the United States District Court, for the Eastern District of Texas, at the Tyler division of said court, its certain voluntary petition in bankruptcy, and was thereupon and thereunder, to wit, on said date, adjudged a bankrupt under the provision of the act of Congress relating to such matters, by Hon. Hampson Gary, who was then and there properly appointed and acting referee in bankruptcy for the Tyler division of the Eastern district of Texas; that thereafter, and in the regular and legal course of bankruptcy proceeding, to wit, on the 21st day of December, A. D. 1914, one T. D. Bonner was duly and legally appointed and elected trustee in the said bankruptcy proceeding, and thereafter, in the said month of the said year, he (the said T. D. Bonner) duly qualified as such trustee, and continued to act as such trustee from that date up to the time of the presentation of this bill of indictment in this honorable court.

"And the grand jurors aforesaid, on their oaths aforesaid, do say and present that before and while the said Easterwood Dry Goods Company was a voluntary bankrupt as aforesaid, and before and while the said T. D. Bonner was the duly appointed, qualified, elected, and acting trustee in the bankruptcy proceeding as aforesaid, he, the said John W. Easterwood, he, the said Ben Frankfurt, he, the said Rufus Easterwood, and he, the said S. W. Skinner, within the Tyler division of the Eastern district of Texas, and on the date aforesaid, to wit, on the 9th day of December, A. D. 1914, did, as aforesaid, unlawfully, willfully, and fraudulently combine, conspire, confederate, and agree that when the said Easterwood Dry Goods Company should become such bankrupt, and while such bankrupt, the said Easterwood Dry Goods Company, and the individual members thereof, to wit, John W. Easterwood, Rufus Easterwood, and S. W. Skinner, should unlawfully, knowingly, willfully, and fraudulently conceal a certain portion of said stock of goods, wares, and merchandise, which said portion and part of said stock of goods, wares, and merchandise was then and there a portion and part of the goods which should be and ought to have been turned over to the possession and custody of said T. D. Bonner, as trustee, as aforesaid, which said property was hid, secreted, and concealed by the said Ben Frankfurt, Rufus Easterwood, and S. W. Skinner before the filing of the said voluntary petition of Easterwood Dry Goods Company in bankruptcy and unlawfully, willfully, and fraudulently concealed by the said Easterwood Dry Goods Company, and the individual members thereof, to wit, John W. Easterwood, Rufus Easterwood, and S. W. Skinner, from said trustee in bankruptcy while said firm was a bankrupt, as hereinafter set out, and which property consisted of a large amount of clothing, shoes, shirts, underwear, dress goods, and general merchandise, of the value of $6,500 of the current legal money of the said United States of America, a more perfect description of which said goods, wares, and merchandise it is impossible for the grand jurors to give, and in pursuance and in aid of such agreement and confederation so unlawfully and fraudulently made as aforesaid, and for the purpose aforesaid, and to effect the object thereof, he, the said John W. Easterwood, and he, the said Rufus Easterwood, and he, the said S. W. Skinner, did unlawfully, knowingly, willfully, and fraudulently conceal from the said T. D. Bonner, trustee of said bankrupt estate, the said property then and there belonging to the said bankrupt estate of Easterwood Dry Goods Company, which property, as hereinbefore set out and described, he, the said Ben Frankfurt, and he, the said Rufus Easterwood, and he, the said S. W. Skinner, had secreted, hid, and concealed from said stock of goods at the storehouse in the town of Athens and county of Henderson, as hereinbefore set out, in anticipation of the filing of said petition in bankruptcy on the date hereinbefore set out, while such bankrupt as aforesaid, and the said

property then and there belonged to the said Easterwood Dry Goods Company estate in bankruptcy,. and the said T. D. Bonner, as trustee, was entitled to the possession thereof, and he, the said John W. Easterwood, and he, the said Rufus Easterwood, and he, the said S. W. Skinner then and there well knew that the said property then and there belonged to the said estate in bankruptcy, and should have been scheduled and turned over as aforesaid to the trustee of said estate in bankruptcy, and the said John W. Easterwood, Rufus Easterwood, and S. W. Skinner unlawfully, willfully, knowingly, and fraudulently continued the concealment of said goods, wares, and merchandise, and wholly failed to turn the same over to the said T. D. Bonner as trustee of said estate in bankruptcy in the manner and form as aforesaid, and in pursuance of the conspiracy of him, the said John W. Easterwood, of him, the said Rufus Easterwood, of him, the said S. W. Skinner, and of him, the said Ben Frankfurt—contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

James M. Edwards, of Tyler, Tex. (N. F. Faulk and W. L. Faulk, both of Athens, Tex., on the brief), for plaintiff in error.

Clarence Merritt, U. S. Atty., of McKinney, Tex., and James B. Dailey, Asst. U. S. Atty., of Paris, Tex.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

PER CURIAM. On a verdict finding the plaintiff in error guilty on the first and second counts of the indictment he was sentenced to imprisonment for a term of two years on each· of the counts; the judgment, however, containing the provision that "the sentences on the first and second count to run concurrently."

[1] The second count sufficiently charged that four named persons, one of them being the plaintiff in error, conspired to commit the offense denounced by Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (Comp. St. 1913, § 9613), against one who knowingly and fraudulently conceals while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy, and that one or more of such parties did a specified act to effect the object of the conspiracy. Criminal Code, § 37. That count is very similar to the indictment which was passed on in the case of Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113; Id., 207 U. S. 596, 28 Sup. Ct. 261, 52 L. Ed. 357, with the exception that in the instant case the alleged bankrupt was a firm or partnership, while in the Cohen Case the bankrupt was a corporation. All objections urged against the sufficiency of that count may be disposed of by a reference to rulings made in similar cases in which those objections have been passed on and held, and we think correctly, not to be tenable. Cohen v. United States, supra; Roukous v. United States, 195 Fed. 353, 115 C. C. A. 255; Id., 225 U. S. 710, 32 Sup. Ct. 840, 56 L. Ed. 1267; Kaufman v. United States, 212 Fed. 613, 129 C. C. A. 149; Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278; Heike v. United States, 227 U. S. 131, 33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; United States v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211.

[2] We do not find it necessary to pass on the sufficiency of the first count of the indictment, as when a separate sentence for the same term

of imprisonment is imposed on a verdict of guilty on each of two counts, one of which is bad, but the terms of imprisonment are to be concurrent and not cumulative, the result is practically the same as it would have been if there had been no conviction on the bad count, and the defendant has nothing to complain of in such a judgment. Bartholomew v. United States, 177 Fed. 902, 101 C. C. A. 182; Id., 217 U. S. 608, 30 Sup. Ct. 697, 54 L. Ed. 901; Billingsley v. United States, 178 Fed. 653, 101 C. C. A. 465; Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448; Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390. The second count being sufficient to sustain the sentence, any insufficiency there may be in the first count would not warrant a reversal of the judgment which was rendered. An examination of the record has led us to the conclusion that it does not show the commission of any reversible error.

The judgment is affirmed.