APGAR v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1919. Rehearing
Denied March 15, 1919.)

No. 3204.

1. CRIMINAL LAW ⊜⟿1144(2)—APPEAL.
Where plea in abatement to indictment did not show that the district judge appointing the jury commissioner was without the district at the time he entered the order and the record did not show that fact, the overruling of the plea cannot be held erroneous on writ of error.

2. JURY ⊜⟿79(1)—DRAWING OF JURORS—RULE IN UNITED STATES COURT—TRIAL OF CRIMINAL CASE.
In the absence of a rule and order governing the drawing of jurors for the trial of cases in the federal courts, that matter is in control of those courts, subject only to the restrictions Congress has prescribed and to such limitations as are recognized by the settled principles of criminal law.

3. JURY ⊜⟿82(2)—PETIT JURY—PANEL.
Though district judge who was designated to hold court in an adjoining district entered an order while without the district directing that the panel of petit jurors be drawn, *held* that, as the Judicial Code does not make such an order a prerequisite to the validity of a drawing of the names of those to be summoned to serve as petit jurors, the action of the jury commissioner in following the order amounted to no more than the drawing of jurors without an order, which irregularity the District Court could waive.

4. JURY ⊜⟿79(1)—PETIT JURY—DRAWING.
Where a district judge was designated to hold court in an adjacent district with the powers provided for by Judicial Code, § 14 (Comp. St. § 981), *held*, under section 19 (section 986), and in view of section 17 (section 984), that an order entered by such judge, while without the second district directing the drawing of petit jurors, was valid, for the order was one which could be made by the judge while in chambers, and it is not necessary that it be made within the territorial limits of the district wherein it was to be effective, as the judge's chambers are considered to be where he is and authorized to be engaged in performing his judicial duties.

5. BANKS AND BANKING ⊜⟿257(3)—NATIONAL BANKS—OFFENSES.
In a prosecution under Rev. St. § 5209 (Comp. St. § 9772), where it was charged that defendant, while acting as the cashier of a national banking association, willfully misapplied its moneys, funds, or credits, and such misapplications were effected by the payment of checks drawn on the bank by persons having no money or funds to their credit who were insolvent and financially unable to pay the sums, evidence that defendant, while acting as cashier, obtained money from the bank by discounting a note which he knew to be a forgery, is admissible to show intent.

6. CRIMINAL LAW ⊜⟿1172(8)—REVIEW—HARMLESS ERROR.
Where defendant was convicted on many counts, and sentenced to a penitentiary term of five years on each count, the terms to be served concurrently, an error in the charge, affecting the conviction as to only one count is harmless and no ground for reversal.

7. CRIMINAL LAW ⊜⟿829(1)—TRIAL—INSTRUCTIONS.
The refusal of requested charges fairly covered by the charge given is not error.

In Error to the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Harvey D. Apgar was convicted of violation of Rev. St. § 5209 (Comp. St. § 9772), in that while acting as cashier of a national banking

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

association he willfully misapplied moneys, etc., and he brings error. Affirmed.

John C. Theus, of Monroe, La., and J. M. Foster, Frank J. Looney, and W. A. Wilkinson, all of Shreveport, La., for plaintiff in error.

Joseph Moore, U. S. Atty., and J. H. Jackson, Asst. U. S. Atty., both of Shreveport, La.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On the 21st day of March, 1917, the Senior Circuit Judge of the Fifth judicial circuit designated "the Honorable Rufus E. Foster, Judge of the Eastern District of Louisiana, to hold the District Court in the Western District of Louisiana in the place and in aid of the judge thereof, and therein to have the powers provided in section 14 of the Judicial Code [Act March 3, 1911, c. 231, 36 Stat. 1089 (Comp. St. § 981)]." The indictment against the plaintiff in error (who will be referred to as the defendant) was filed in the Monroe division of the Western district of Louisiana on May 31, 1917. On the 1st day of October, 1917, the defendant filed a plea in abatement to the indictment and a challenge to the array of the panel of petit jurors drawn and served for the October, 1917, term of court at Monroe; both of which were overruled.

[1] The ground relied on in argument against the correctness of the court's action in overruling the plea in abatement is that the indictment was subject to be abated because an order made by Judge Foster on May 14, 1917, appointing George G. Weaks jury commissioner for the Western district of Louisiana, Monroe division, was illegal and invalid for the reason that Judge Foster, at the time the order was made, was absent from the Western district of Louisiana. The ground mentioned was not stated in the plea in abatement. Furthermore, the record does not show that it was proved or admitted that Judge Foster was absent from the Western district of Louisiana when he made the order appointing the jury commissioner. There is a recital in the bill of exceptions of the admission of the truth of the allegations of specified filed pleas and motions. The record does not contain any filed plea or motion which alleges that Judge Foster was absent from the Western district of Louisiana when he made the order in question. Assuming, without conceding, that the indictment was subject to be abated or quashed on the ground mentioned, in the absence of proof or admission of the existence of such ground, it cannot be held that the court erred in refusing to abate or quash the indictment on that ground.

[2, 3] The ground stated in the above-mentioned challenge or motion to quash the panel of petit jurors was the following:

"That the order of the Honorable Rufus E. Foster, District Judge of the Eastern District of Louisiana, directing that said panel of petit jurors be drawn, is illegal and invalid for the reason that the said Honorable Rufus E. Foster, judge as aforesaid, gave and executed said order while without the jurisdiction of the Western District of Louisiana and while within and discharging the duties and functions of United States District Judge for the Eastern District of Louisiana."

255 F.—2

The truth of this allegation was admitted. The record made up for this court does not contain the order referred to. The attack on the panel is based on the circumstance that Judge Foster was in the district of which he is the judge when he made the order directing the drawing of the panel. A statute prescribes how grand and petit jurors shall be drawn. Judicial Code, § 276 (Comp. St. § 1253). Another statute forbids the summoning of a grand jury to attend any district court unless the issue of a venire therefor is ordered by the judge. Judicial Code, § 284 (Comp. St. § 1261). There is no statute making such an order a prerequisite to the validity of a drawing of the names of those to be summoned to serve as petit jurors. The panel of petit jurors here in question was drawn for a regular term of the Monroe division of the court. If such action by the jury commission is taken without having been ordered, it may be subject to be disapproved by the judge or the court; but, in the absence of any law requiring an order for the drawing of petit jurors, such drawing may be sanctioned as well after as before it occurred. It is enough that the court acquiesced in the drawing of petit jurors for the term, whether a valid order was or was not made before the drawing occurred. Breese y. United States, 203 Fed. 824, 828, 122 C. C. A. 142. In the absence of a rule or order governing the drawing of jurors for the trial of cases in the courts of the United States, that matter is in the control of those courts, subject only to the restrictions Congress has prescribed, and, also, to such limitations as are recognized by the settled principles of criminal law to be essential in securing impartial juries for the trial of offenses. Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208.

[4] We are not to be understood as concurring in the contention that the order in question was invalid because it was made by Judge Foster "while within and discharging the duties and functions of United States District Judge for the Eastern District of Louisiana." An effect of the order designating him "to hold the District Court in the Western District of Louisiana in the place and in aid of the judge thereof, and therein to have the powers provided in section 14 of the Judicial Code," was to add to the territory in which he was required to exercise the functions of a District Judge. Judicial Code, § 19 (Comp. St. § 986). So long as he was in either the Eastern or the Western district of Louisiana, while the order of designation was effective, he was within the territorial limits in which he was authorized and required to perform judicial duties. Where the order is one which may be made at the chambers of the judge, it is not necessary that it be made within the territorial limits of the district in which the order is to be effective, if it is made where the judge at the time is performing the duties of his office, as the judge's chambers are considered to be where he is, and authorized to be, engaged in performing his judicial duties. Ex parte Hollon Parker, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123; Horn v. Pere Marquette R. Co. (C. C.) 151 Fed. 626; Ex parte Harlan (C. C.) 180 Fed. 119. Nothing in the languages of sections 14 and 17 of the Judicial Code (Comp. St. § 984) indicates an intention to make the rule just stated inapplicable to cham-

bers orders made by a district judge acting under a designation made in pursuance of the first-mentioned section. The court did not err in overruling the challenge or motion attacking the panel of petit jurors drawn for the term during which the trial occurred.

[5] The counts of the indictment upon which the case went to the jury charged the commission by the defendant of offenses denounced by section 5209 of the Revised Statutes (Comp. St. § 9772), in that, while acting as the cashier of a named national banking association, he willfully misapplied its moneys, funds, or credits, to the use or benefit of himself and others, with intent to injure or defraud the association. The alleged misapplications upon which were based 27 of the 29 counts of the indictment which were submitted to the jury were charged to have been effected by the defendant paying or causing to be paid checks drawn on the bank by parties having no money or funds to their credit therein, and who, when the checks were drawn and paid, were insolvent and financially unable to pay the amounts called for by the checks. Over the defendant's objection, the prosecution was permitted to introduce evidence tending to prove that the defendant, while acting as cashier, obtained money from the bank by discounting a note purporting to be that of a third party, but which was known to the defendant to be a forgery; the transaction to which that evidence referred not being one which was charged in any count of the indictment which was submitted to the jury. The evidence was admissible on the question of the intent which accompanied the alleged misapplications for which the defendant was tried. The existence of an intent on his part to injure or defraud the bank was in issue. The fact that, while acting as cashier, he obtained money from the bank on a note he knew to be forged, had some tendency to prove that when, on other occasions, he obtained the bank's money in the way charged in the indictment, he did so with intent to injure or defraud it. Dorsey v. United States, 101 Fed. 746, 41 C. C. A. 652; s. c., 178 U. S. 613, 20 Sup. Ct. 1030, 44 L. Ed. 1216; Trent v. United States, 228 Fed. 648, 143 C. C. A. 170; Farmer v. United States, 223 Fed. 903, 139 C. C. A. 341. There were other similar rulings on evidence and in instructions given which are sustainable on the ground above indicated.

It is not deemed necessary to say more in regard to other rulings on evidence which are complained of than that none of those rulings involved such error as would justify a reversal of the judgment.

[6] One count of the indictment was based upon the alleged abstraction of a bill of lading which was attached to a draft sent to the bank for collection. Evidence was adduced to the effect that one Brown, a depositor in the bank, verbally agreed that the amount of that item be charged to his account. It was not so charged, and the amount of the draft was not collected by the bank. An exception was reserved to the following part of the court's charge in reference to that transaction:

"Now, the guaranty that Mr. Brown is supposed to have given, in law, amounts to nothing. It was not in writing, and a man cannot be held to pay the debt of a third person unless he agreed to do so in writing. No evi-

dence would be admitted on the stand to prove it up. However, you may consider that circumstance in making up your minds as to whether or not there was any guilty intent on the part of the defendant in this case in that transaction."

It is suggested in argument that the court erred in treating the agreement referred to as one to pay the debt of a third person. If that was an error, it affected the conviction on only one count of the indictment. The verdict of the jury was one finding the defendant guilty as charged in the 29 counts of the indictment submitted to them. The defendant was sentenced to a penitentiary term of five years on each count of the indictment on which he was convicted, the judgment providing that the terms of imprisonment imposed be served concurrently. Such a judgment is not to be reversed because of an error affecting the conviction on only one of the counts, because the result is practically the same as it would have been if there had been no conviction on that count. Frankfurt v. United States, 231 Fed. 903, 146 C. C. A. 99.

[7] The defendant requested a number of written charges, some of which were given and the others refused. The charge given by the court fairly covered the only propositions applicable to the case which are claimed in argument to have been correctly stated in any of the refused charges. A refusal of a requested charge under such circumstances is not a reversible error.

In our opinion, the record does not show the commission of any reversible error.

The judgment is affirmed.