### WHEELER v. TAFT et al.

(Circuit Court of Appeals, Fifth Circuit. December 17, 1919. Rehearing Denied January 24, 1920.)

#### No. 3370.

1. APPEAL AND ERROR ☞359—WRIT OF ERROR TO REVIEW ACTION REMOVED FROM STATE COURT MAY BE ALLOWED BY JUDGE IN "CHAMBERS" IN ANOTHER DIVISION.

Notwithstanding Judicial Code, § 53 (Comp. St. § 1035), providing that removal of a suit from the state court shall be to the United States District Court in the division in which is situated the county from which removal is made, a writ of error to review a judgment rendered in such action, granted by the judge "in chambers," which are considered to be where the judge is and is authorized to be engaged in performing his judicial duties, will not be dismissed, because allowed in a division other than that in which is situated the county from which the action was removed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chambers.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. APPEAL AND ERROR ☞784—APPEAL ENTERTAINED, THOUGH REVIEW SHOULD HAVE BEEN BY WRIT OF ERROR.**

Under Act Sept. 6, 1916 (Comp. St. § 1649a), the appellate court will not refuse to review the judgment of the lower court merely because appeal was taken, instead of writ of error.

**3. BROKERS ☞86(8)—EVIDENCE SHOWING PLAINTIFF'S COMMISSION WAS ONLY ONE DOLLAR AN ACRE AND WAS TO BE DIVIDED.**

In an action by a broker to recover commissions for effecting a sale of lands, evidence *held* to show that the agreed commission was only $1 an acre, that it was to be divided between plaintiff and another, and was to be paid largely in lands.

**4. COSTS ☞32(1)—SUCCESSFUL PLAINTIFF ENTITLED TO COSTS AT LAW.**

Plaintiff, who recovers in an action at law, where defendant asserted he was entitled to nothing, should be awarded costs.

In Error to and Appeal from the District Court of the United States for the Western District of Louisiana; George Whitfield Jack, Judge.

Action by Harve M. Wheeler against Charles P. Taft, in which H. W. Inscore filed an intervening petition. There was a judgment for plaintiff for part only of the relief sought, and plaintiff appeals and brings error. Modified, and, as modified, affirmed.

G. P. Bullis, of Vidalia, La. (Hall, Monroe & Lemann, of New Orleans, La., of counsel), for plaintiff in error and appellant.

Henry Bernstein and Allan Sholars, both of Monroe, La., and Henry J. Livingston, of Memphis, Tenn. (Hudson, Potts, Bernstein & Sholars, of Monroe, La., and McGehee, Livingston & Farabough, of Memphis, Tenn., on the brief), for defendants in error and appellees.

Before WALKER, Circuit Judge, and GRUBB and ERVIN, District Judges.

WALKER, Circuit Judge. This suit was brought in a state court of Concordia parish, La., by the plaintiff in error and appellant, Harve M. Wheeler, a citizen of the state of Louisiana (who will be referred to as the plaintiff), against the defendant in error and appellee Charles P. Taft, a citizen of the state of Ohio (who will be referred to as the defendant), for the recovery of an amount claimed to be due to the plaintiff as a commission of $1.50 per acre for services rendered in bringing about a sale of a tract of more than 17,000 acres of timber land in Louisiana, the title to which stood in the name of the defendant. On the application of the defendant, the case was removed to the Monroe Division of the District Court of the United States for the Western District of Louisiana.

The defendant's original answer to the plaintiff's petition contained a denial that the former was indebted to the latter in any sum whatsoever. After testimony had been taken, and after the defendant in error H. W. Inscore had filed in the cause an intervening petition, which set up a claim that the intervener was entitled to a share of any commission owing by the defendant for services in bringing about the above mentioned sale of land, the defendant's answer to the petition was twice amended.

The trial of the case resulted in a judgment or decree which adjudg-

ed that the plaintiff and Inscore were entitled to equal shares of a commission of $1 per acre; that the defendant had the option of paying that commission in lands, which were part of those optioned, at the price of $17.50 per acre; that the defendant convey to the plaintiff and Inscore each an undivided one-half interest in designated lands, which at the price of $17.50 per acre amounted to $1,329.41 less than the amount of the commission found to be due; that the sum of $1,329.41 be paid by the defendant into the registry of the court, to be divided equally between the plaintiff and Inscore; and that all court costs be taxed against the plaintiff.

To obtain a review of that judgment or decree the plaintiff sued out a writ of error, which was allowed by the District Judge at Alexandria, La., on the 5th day of February, 1919. For the same purpose he prayed for an appeal, which was allowed on March 3, 1919.

[1, 2] The defendant moved that the writ of error be dismissed. What is relied on to support that motion is the circumstance that, at the time of his allowance of the writ, the judge was not within the division of his district to which the case was removed from the state court. Attention is called to the provision of section 53 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. § 1035]) that a removal of a suit from a state court shall be to the United States District Court in the division in-which the county is situated from which the removal is made. It is contended that an effect of that requirement is to confine the action of the court in a suit at law to the territorial division in which the suit belongs.

We do not think that anything in the provision referred to indicates a purpose to make the validity of the action of a District Judge in allowing an appeal or writ of error dependent upon his being at the time of such allowance within the territory comprising the division of the court in which the decree or judgment to be reviewed was rendered. When the order is one which may be made at the chambers of the judge, it is not necessary that it be made within the territorial limits of the division in which the order is to be effective, if it is made where the judge at the time is performing the duties of his office, as the judge's chambers are considered to be where he is, and is authorized to be, engaged in performing his judicial duties. Ex parte Holtor Parker, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123; Apgar v. United States, 255 Fed. 16, 166 C. C. A. 344.

Even if the writ of error had been subject to be dismissed, as an appeal was sued out within the time allowed, the case would be in this court for review as a consequence of the provision of the Act of Congress of September 6, 1916 (U. S. Comp. St. § 1649a) that:

"No court having power to review a judgment or decree rendered or passed by another shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, but when such mistake or error occurs it shall disregard the same and take the action which would be appropriate if the proper appellate procedure had been followed."

[3] The land for services in bringing about a sale of which a commission was claimed was part of a large quantity of Louisiana timber

land, the title to which was taken in the name of the defendant, with whom a number of other persons were associated in the ownership, including S. A. Conn and L. C. Black. It was conceded by the defendant that he was bound by what L. C. Black did in the matter of contracting for a sale of the lands, including the matter of commissions for services rendered. The sale for which a commission was claimed was a result of the exercise in May, 1917, of an option to purchase given in January, 1917. Of the evidence offered to support the claim asserted by the plaintiff no more need be said than that, exclusive of that contained in a letter which will be referred to, it was not such as to require a finding that the defendant was obligated to pay a commission of $1.50 an acre.

After the option had been in force for some time, and had been renewed, the parties holding it made it known to the plaintiff and the defendant's representative that they would not exercise the option unless a part of the optioned lands not desired by them would be taken by the plaintiff, who was known to be claiming that the defendant would owe him a commission if the option was exercised. One of the option holders had a telephone conversation with the plaintiff on the subject, with the result that the plaintiff said that his commission was $1 an acre, for which he would accept, at the price per acre stated in the option, part of the optioned lands not desired by the option holders. Following that conversation, plaintiff sent to the other party to it a telegram stating:

"As per conversation over phone will take our commission in land on Tensas river."

The option holders then notified the defendant's representative of their exercise of the option, stating that as an inducement to their doing so the plaintiff had agreed to accept $1 per acre as commission in part of the optioned land at the price per acre, $17.50, stated in the option contract. Whereupon the optioned land, except the part agreed to be excluded, was conveyed to the option holders, who paid therefor the price per acre stated in the option. This was done with the understanding that the seller would get the option price per acre for part of the optioned land not taken by the option holders by conveying it to the plaintiff for his commission.

When the above-mentioned conversation occurred it was disclosed to the plaintiff that, as a result of the option not being exercised, he would not get any commission unless it was arranged to relieve the option holders of the necessity of taking and paying for the part of the optioned lands which they did not desire. It well may be inferred that it was contemplated by the plaintiff that his agreement, made under the circumstances stated to induce the exercise of the option, to accept a commission of $1 per acre, payable in part of the optioned lands not desired by the option holders, would be communicated by the latter to the defendant, and that, as between the principals, the transaction would be closed by the optioned lands, except those so excluded, being conveyed and paid for, leaving in the hands of the

defendant the lands he was to use in paying the commission agreed to by the plaintiff.

The agreement made by the plaintiff in his conversation with one of the option holders had the effect of conferring on the latter authority to submit the agreement to the defendant for acceptance and action in pursuance of it. Even if, in the absence of the happening of the above-mentioned telephone conversation, the exercise of the option would have had the effect, under a former agreement with the plaintiff, of obligating the defendant to pay to the plaintiff a commission in money, the latter estopped himself from claiming that his commission should be so paid by agreeing to accept for his commission part of the optioned lands at the price per acre stated in the option; the communication to the defendant of the plaintiff's agreement to do so having the effect of inducing the former to sell to the latter, instead of to the option holders, the lands the plaintiff agreed to take for his commission, at the same price per acre as that stated in the option.

In behalf of the plaintiff it is contended that, when the defendant let the option holders buy part only of the lands mentioned in the option contract, he did not do so with the understanding that the plaintiff's commission was to be only $1 per acre and that all of it could be paid in land. The circumstance principally relied on to support the conclusion that the defendant or his representative, Black, then understood that a commission of $1.50 per acre was to be paid, is the statement, made in a letter written by Black to one of his co-owners of the land after the option was exercised, that "the net price to be paid for this property is $16 per acre." The price stated in the option was $17.50 per acre. In view of that fact it is contended that the above-quoted statement amounted to an admission by Black that a commission of $1.50 per acre was to be paid.

The evidence disclosed that, before the letter quoted from was written, the defendant and the other owners of the land had agreed to make a payment of 50 cents an acre to F. K. Conn, a son of S. A. Conn; the latter being one of the owners. This payment was agreed to be made because of activities of F. K. Conn or his father in the transactions which led up to a sale of the land. Though in the testimony of the defendant and others associated with him in the ownership, that payment was spoken of as a gratuity, it well may have been regarded by Black as a part of the expense of the sale. It was an outlay incident to the sale of the lands at the gross price of $17.50 per acre. To say the least, it is not clear that Black, in making the quoted statement, had in mind that a commission of $1.50 per acre was to be paid to the plaintiff and others who co-operated with him in bringing about the sale. As above indicated, the evidence other than the letter quoted from was not such as to require a finding that the plaintiff was entitled to a commission of $1.50 per acre.

It was shown practically without dispute that it was understood between the plaintiff and Inscore that, if the commission was $1 per acre, Inscore, who co-operated with the plaintiff, was to have half of it. This being true, the plaintiff cannot successfully complain of the judgment in so far as it was in favor of Inscore. The judgment

rendered gave effect to what the plaintiff assented to in order to bring about a sale, in the absence of which the defendant would not have been obligated to pay him anything.

[4] The defendant having contested plaintiff's right to recover anything, it was not proper to tax the costs against the plaintiff, who prevailed in the suit. The judgment will be here modified by taxing the costs against the defendant.

As so modified, it is affirmed.