## WHEELER v. TAFT.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1922.)

No. 3782.

Judgment ☞881—Decree requiring depositing of deed held not to contemplate an investigation into title.

In an action to recover commissions for sale of other land, a decree requiring the defendant to deposit in court in payment of commissions a deed of certain land containing usual covenants of title *held* not to have in view an investigation into the validity of the defendant's title to such land, and court properly sustained an exception to an application for a

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule against the defendant to show cause why he should not pay cash in satisfaction of the decree.

In Error to and Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action by Harve M. Wheeler against Charles P. Taft. Decree for plaintiff. From an order satisfying the decree, plaintiff brings error and appeals. Affirmed.

G. P. Bullis, of Vidalia, La., for plaintiff in error and appellant.

'Henry Bernstein and F. G. Hudson, both of Monroe, La. (Hudson, Potts, Bernstein & Sholars, of Monroe, La., on the brief), for defendant in error and appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. December 9, 1918, Harve M. Wheeler recovered against Charles P. Taft a judgment or decree which contains the following:

"It is further ordered, adjudged, and decreed that upon the deposit by the defendant, within 30 days from date hereof, of separate deeds conveying to each said plaintiff and said intervener an undivided one-half interest in and to the 950.09 acres of land hereinabove described, said deeds to contain usual covenants of title, etc., from the defendant, and his deposit in the registry of the court of the sum of $1,329.41, which is to be divided equally between said plaintiff and said intervener, 'and paid separately to them or their respective attorneys of record,' that the same shall operate full satisfaction of this judgment and decree as against said defendant, and an order shall be entered herein fully satisfying and canceling the same. In default of deposit of said deeds and payment of said money into court by the defendant, judgment shall stand against the defendant for $8,977.90 in favor of plaintiff and $8,977.90 in favor of intervener."

The judgment was affirmed by this court, and the opinion reported in 261 Fed. 978, contains a statement of the case. We quote from that opinion the following:

"The sale for which a commission was claimed was a result of the exercise in May, 1917, of an option to purchase given in January, 1917. * * * After the option had been in force for some time, and had been renewed, the parties holding it made it known to the plaintiff and the defendant's representative that they would not exercise the option, unless a part of the optioned lands not desired by them would be taken by the plaintiff, who was known to be claiming that the defendant would owe him a commission if the option was exercised. One of the option holders had a telephone conversation with the plaintiff on the subject, with the result that the plaintiff said that his commission was $1 an acre, for which he would accept, at the price per acre stated in the option, part of the optioned lands not desired by the option holders. Following that conversation, plaintiff sent to the other party to it a telegram stating: 'As per conversation over phone will take our commission in land on Tensas river.' The option holders then notified the defendant's representative of their exercise of the option, stating that as an inducement to their doing so the plaintiff had agreed to accept $1 per acre as commission in part of the optioned land at the price per acre, $17.50, stated in the option contract. Whereupon the optioned land, except the part agreed to be excluded, was conveyed to the option holders, who paid therefore the price per acre stated in the option. This was done with the understanding that the seller would get the option price per acre for part of the optioned land not

taken by the option holders by conveying it to the plaintiff for his commission."

The defendant, Taft, executed a deed and deposited it in the registry of the court, in compliance with that portion of the decree above quoted. Wheeler declined to accept the deed, and filed the suggestion that Taft did not own the land which he was required by the decree to convey, and thereupon applied for a rule against Taft to show cause why he should not pay cash in satisfaction of the decree. The District Judge sustained an exception to the application, and entered an order satisfying the decree. Wheeler has appealed and sued out writ of error.

We are of opinion that, when defendant executed and deposited a deed in proper form, he complied with the terms of the decree and was then entitled to have it satisfied. When the quoted paragraph of the decree is considered in connection with the facts in the case, it is disclosed that plaintiff's agreement to accept the lands described in the deed brought about the sale which entitled him to a commission, and without which there would have been no liability upon the part of Taft either to pay cash or to convey land. We do not think the decree, in view of the surrounding facts and circumstances, can reasonably be interpreted as having had in view an investigation into the validity of Taft's title. On the contrary, it appears that the parties had in mind the acceptance by Wheeler of the particular land described in the deed.

The subsequent judgment or decree complained of is therefore affirmed.