## McLENDON v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. July 19, 1926.)

No. 4729.

1. Indictment and information ⬅139—Motion to quash indictment, eight months after filed, on ground order for drawing grand jury was made by judge when out of his district, held properly overruled.

Even if indictment be subject to attack because order for drawing grand jury, which found it, was made by judge when absent from his district, objection to it on that ground, by motion to quash, being made eight months after filing of indictment, is properly overruled, in absence of explanation or excuse for long delay and showing that defendant was prejudiced by the order being so made.

2. Indictment and information ⬅125(4, 41).

Indictment under Cr. Code, § 215, for use of mails in furtherance of fraudulent scheme, held not to show more than one scheme to defraud, and not to be objectionable, though execution of single scheme might involve commission of more than one crime (Comp. St. § 10385).

3. Indictment and information ⬅137(6)— Failure of indictment to more particularly state method of causing circular to be delivered by mail to defraud is not available objection; defendant not being prejudiced thereby, in view of statement of government's counsel (Rev. St. § 1025 [Comp. St. § 1691]).

Objection to indictment for not more specifically stating mode in which defendant caused circular to be delivered by mail, in furtherance of scheme to defraud, cannot, under Rev. St. § 1025 (Comp. St. § 1691), prevail; it not appearing that defendant's substantial rights were prejudiced thereby, but government's counsel required, on overruling of motion to quash, to give bill of particulars, announcing how it would be shown the circular was caused to be delivered, and accused not being taken by surprise, but having sufficient opportunity to prepare defense.

4. Criminal law ⬅1169(2).

Defendant was not prejudiced by admission of testimony; it being cumulative evidence of fact shown by uncontradicted testimony elicited by his counsel.

5. Criminal law ⬅753(2).

Requested instruction that jury find for defendant was properly overruled; evidence tending to prove indictment's material allegations.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin E. Dawkins, Judge.

*Certiorari denied 47 S. Ct. —, 71 L. Ed. —.

T. E. McLendon was convicted of use of the mails to defraud, and brings error. Affirmed.

J. M. Grimmett, of Shreveport, La., and David B. Puryear, of Memphis, Tenn., for plaintiff in error.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error, T. E. McLendon, was convicted of an offense denounced by section 215 of the Criminal Code (Comp. St. § 10385), which deals with the use of the mails to promote frauds. The indictment, which contains only one count, was filed February 27, 1925. By a pleading filed October 20, 1925, and called a motion to quash, the indictment was challenged on the following grounds: (1) That the order directing the drawing of the grand jury which found the indictment was not valid because it was made by the judge of the district when he was absent therefrom; (2) that it was bad for duplicity and repugnancy in that it charged both that the accused devised a scheme and artifice to defraud one V. G. Simmons, and also a scheme for obtaining money from said V. G. Simmons by means of false pretenses, representations, and promises; and (3) that it failed to specify the manner in which the accused caused to be delivered by the post office establishment of the United States the circular or document mentioned and set out.

[1] On the hearing of the motion, it was disclosed that the order for drawing the grand jury was signed "in chambers at New Orleans, La.," at a time when the judge was acting under a designation, made by the senior Circuit Judge, to hold the District Court for the Eastern District of Louisiana. The accused offered no explanation or excuse as to his failure to object to the indictment on the first-mentioned ground until nearly eight months after it was returned. Objection to an indictment on such a ground cannot properly prevail unless it is made by the accused promptly after he first has an opportunity to make it. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624; Powe v. United States (C. C. A.) 2 F.(2d) 975. Even if the indictment had been subject to attack because the order for drawing the grand jury which found it was made by the judge while absent from his own district, but at a place where he was engaged in performing the duties of his office (Apgar v. United States,

255 F. 16, 166 C. C. A. 344; Wheeler v. Taft [C. C. A.] 261 F. 978), the objection to it on that ground was properly overruled because of the absence of any explanation or excuse for the long delay in making it, and of the absence of any showing that the accused was prejudiced or injured by the making of the order for the drawing of the grand jury at the place where it was made. Moffatt v. United States, 232 F. 522, 146 C. C. A. 480.

[2] The second above-mentioned ground of objection was aimed at the part of the indictment which alleged the accused's scheme to defraud. The allegations in that regard were to the following effect: The accused, of Germantown, Shelby county, Tenn., for the purpose of swindling, cheating, and defrauding V. G. Simmons, a resident of Caddo parish, La., devised a scheme, the substance of which was that, by falsely representing to said Simmons that he (the accused) had for sale dogs trained and skilled in hunting birds, and which were pedigreed and validly registered in the Field Dog Stud Book, which was maintained at Chicago, Ill., for the registry of skilled and trained hunting dogs which by ancestry and breeding are entitled to such registry, that stud book being recognized as a standard authority as to the ancestry and pedigree of hunting dogs, he (the accused) would sell to said Simmons bird dogs which, to the knowledge of the accused, were not trained and skilled in hunting birds and were not validly registered in said Field Dog Stud Book, "which said false and fraudulent representations, pretenses, claims, and promises would be by the said defendant made for the purpose of selling said dogs to said V. G. Simmons and securing money from the said V. G. Simmons and defrauding him, and for the purpose of inducing the said V. G. Simmons to pay sums of money to the said defendant; and that the said defendant would make said false, dishonest, and fraudulent representations, pretenses, claims, and promises in letters, circulars, and printed matter to be sent through the United States mails from the vicinity of Memphis, Tenn., and delivered to the said V. G. Simmons through the United States post office at Shreveport, Caddo parish, La., within the jurisdiction of this honorable court."

We think that the above-mentioned allegations show that, within the meaning of section 215 of the Criminal Code, the accused devised a "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises." A single scheme to de-

fraud, or for obtaining money or property by false or fraudulent pretenses or representations, may be such that the complete execution of it would involve the commission of more than one criminal offense. The language of section 215 of the Criminal Code does not indicate that the lawmakers intended to enable one who uses the mails in furtherance of a scheme to defraud to obtain immunity for so doing by making the commission of a plurality of crimes a part or feature of his scheme. We are not of opinion that an indictment for an offense denounced by that statute is subject to objection on the ground that the alleged scheme, for the purpose of executing which an alleged use of the mails was made, was such that the execution of it would or might involve the commission by the accused of more than one criminal offense. Even if the indictment would have been subject to objection if it had shown the use of the mails for the purpose of executing several alleged fraudulent schemes, it is not subject to objection on that ground, because its allegations do not show that the accused devised more than one scheme to defraud. The court did not err in ruling that the indictment was not subject to objection on the ground now under consideration.

[3] The above-mentioned third ground of objection to the indictment suggests that it was fatally defective because it did not contain a more specific statement of the particular mode in which the circular mentioned was caused by the accused to be delivered to V. G. Simmons through the post office at Shreveport. Following the above-mentioned allegations of the indictment were the allegations that the accused, at a time and place stated, "so having devised the said scheme and artifice to defraud, and in and for executing the said scheme and artifice, and in and for attempting to do so, and in and for defrauding by and through the said scheme and artifice aforesaid, did willfully, knowingly, feloniously, and fraudulently cause to be delivered through and by the post office of the United States at Shreveport, Caddo parish, state of Louisiana, in the Western district of Louisiana, and within the jurisdiction of this honorable court, to the said V. G. Simmons, then a resident of Shreveport, Caddo parish, state of Louisiana, who was the person so intended to be defrauded as aforesaid, a certain mimeographed or multigraphed descriptive circular headed as follows: 'Five as well-bred, good lookers as live. All registered in F. D. S. B.,' and reading in part as follows, to wit" —the set out part of such circular contain-

ing what purported to be a description of a registered pointer bitch named "Lady Ripple Jing," and the following name and address at the end of the circular: "Lon Kilpatrick, No. 371 Court avenue, Memphis, Tenn."

While the just quoted part of the indictment charging the use of the mails to defraud did not follow literally the language of the statute "knowingly cause to be delivered by mail according to the direction thereon," the indictment as a whole was such as to suggest to any one informed of its contents that the evidence to be relied on to support it would be to the effect that the accused caused the alleged delivery by mail by depositing, or causing to be deposited, in the mail, a postpaid envelope containing the described circular, and addressed or directed to V. G. Simmons at Shreveport; that being the usual way of accomplishing the alleged result by one situated as the accused was with reference to another person located in another state. The allegation charging that the accused caused the described circular to be delivered by mail to V. G. Simmons at Shreveport, when that allegation is considered in connection with the indictment's allegations showing that the accused lived at Germantown, Tenn., a small town near Memphis, and that the alleged scheme in pursuance of which the charged use of the mail was alleged to have been made included the sending of circulars by mail from the vicinity of Memphis to said Simmons at Shreveport, well might be regarded as impliedly showing or indicating that the accused caused the described circular to be delivered by mail to V. G. Simmons at Shreveport, according to the direction thereon. To say the least, the allegations of the indictment are such that there could have been no plausibility in a contention of the accused, made at the time of the trial, nearly eight months after the indictment was returned, that the indictment gave him no reason to expect that its allegations as to causing the described circular to be delivered by mail might be sought to be supported by evidence tending to prove that he mailed, or caused to be mailed, such circular in Memphis or its vicinity in a postpaid envelope or container addressed to V. G. Simmons at Shreveport. The allegations of the indictment were such as to apprise the accused that he might have to meet such proof. He was entitled to be informed of the nature and cause of the accusation against him by a charge made with sufficient definiteness as to enable him to make his defense and avail himself of the record of conviction or acquittal for his protection against

further prosecution for the same offense. We think that the indictment met these requirements.

Causing the described circular to be delivered by mail in furtherance of the alleged scheme to defraud is the gist of the offense sought to be charged. This was fully covered by the plain terms of the indictment; the averments showing such conduct of the accused as made him guilty of the criminal offense sought to be charged. Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989; Fisher v. United States (C. C. A.) 2 F.(2d) 843; Moffatt v. United States, supra. The most that can be said against the indictment's charge that the accused caused the described circular to be delivered by mail is that it does not definitely and specifically state how he accomplished that result. An objection to the indictment on the ground that it should have contained a more specific statement of the particular mode in which the accused caused the described circular to be delivered by mail cannot properly prevail, unless it appears from the record that the substantial rights of the accused were prejudiced by the failure of the indictment to contain such statement. U. S. R. S. § 1025 (Comp. St. § 1691); Connors v. United States, 158 U. S. 408, 15 S. Ct. 951, 39 L. Ed. 1033; Armour Packing Co. v. United States, 209 U. S. 56, 84, 28 S. Ct. 428, 52 L. Ed. 681. Instead of the record showing that substantial rights of the accused were prejudiced by the omission from the indictment of such statement, we think it shows the contrary. Upon the overruling of the motion to quash, the court required the prosecution to furnish a bill of particulars as to the method by which the accused caused the delivery by mail of the circular described in the indictment. Thereupon the government's counsel made an announcement to the effect that the allegation as to the accused causing said circular to be delivered by mail would be supported by evidence that said circular was deposited, or caused to be deposited, by the accused in the United States mail at Memphis, Tenn., or the vicinity thereof, in an envelope addressed to V. G. Simmons, Shreveport, La., with proper amount of postage thereon, and that the circular was delivered to the addressee by the post office at Shreveport; and the evidence adduced was in accordance with that announcement. As above indicated, the allegations of the indictment itself were such as to cause the accused to anticipate that he would have to meet such evidence. The maintenance of the charge was not dependent on the evidence adduced, showing exactly when, where, and how the described circular was mailed. It is apparent from the record that there was no substantial basis for a claim that the accused was taken by surprise by the kind of evidence with which he was confronted at the trial, or that he did not have a sufficient opportunity to prepare his defense. We conclude that the court did not err in overruling the objections to the indictment.

[4] Evidence adduced tended to prove the following: V. G. Simmons, who lives at Shreveport, advertised for a bird dog in a publication which circulates among breeders, sellers, and buyers of such animals. Shortly thereafter he received, through the post office at Shreveport, the circular mentioned in the indictment; that circular being in a postpaid envelope addressed to him at Shreveport. There followed a correspondence between Simmons and a person who called himself Lon Kilpatrick, and gave as his address the one stated in the indictment. That correspondence resulted in the purchase by Simmons of a bitch for $100, for which amount a check, payable to the order of Lon Kilpatrick, was sent, and Simmons received a bitch by express. The check was paid after it was indorsed in the names Lon Kilpatrick and T. E. McLendon. Both those indorsements were made by the accused. He was the person who sent to Simmons letters purporting to be from Lon Kilpatrick, and who shipped the bitch to Simmons. The bitch was not as represented by the seller. She was not well bred, was not subject to registration, was not trained or skilled in hunting, and was worthless as a bird dog. The accused objected to testimony to the effect that the crate in which the bitch came by express had on it a tag containing the following: "From T. E. McLendon, Germantown, Tenn." That objection was overruled, and the testimony was admitted. The accused's counsel brought out testimony to the effect that the express company's receipt, which Simmons got when he paid the express charges on the dog he received, showed that the shipper of the dog was T. E. McLendon, Germantown, Tenn. The above-mentioned testimony, which was objected to, was cumulative evidence of a fact which was shown by uncontroverted testimony elicited by the accused's counsel. This being so, the conclusion is warranted that the accused was not prejudiced by the admission of the testimony which was objected to as above stated.

[5] A requested instruction that the jury find in favor of the accused was properly re-

fused, as evidence adduced tended to prove the material allegations of the indictment. No ruling complained of involved reversible error.

The judgment is affirmed.