## ELLIS–FOSTER CO. et al. v. SYNTHETIC PLASTICS CO., Inc.

## No. 1025.

District Court, D. Delaware.

Aug. 31, 1934.

William G. Mahaffy, of Wilmington, Del., and George F. Scull (of Gifford, Scull & Burgess), of New York City, for plaintiffs.

Hugh M. Morris, of Wilmington, Del., and Leonard A. Watson (of Watson, Bristol, Johnson & Leavenworth), of New York City, for defendant.

NIELDS, District Judge.

In an infringement suit defendant moved to amend its answer by setting up an alleged license from Unyte Corporation, one of the plaintiffs, to defendant, to make, use, and vend the inventions of the patents in suit. The motion was granted.

At the hearing of the motion, plaintiffs informed the court that a bill to reform the alleged license had been prepared for filing in the Court of Chancery of the state of Delaware, averring that through mutual mistake the license does not express the agreement made between the parties. Counsel also stated that the bill was prepared on the assumption that this court lacked jurisdiction to afford the relief sought as incident to the infringement suit. Defendant's counsel challenged this position, contending that this court had such incidental jurisdiction.

■ Where the meaning of a contract is one of construction or interpretation, the contract need not be reformed and no independent action for that purpose need be taken. But where, as here contended, the language of the contract does not reflect the agreement of the parties, reformation must be resorted to through an independent action. A decree of reformation should be made so that the false features of the contract may be destroyed and the true features may be formed.

■ It is certain this court lacks jurisdiction to entertain an original bill to reform the alleged license, because the parties to that license are both corporations of the state of Delaware. The relief sought by Unyte Corporation, one of the plaintiffs, in reforming the license, is separate from the relief asked for in the infringement suit, and constitutes an entirely distinct cause of action. The cause of action to reform the license does not arise out of the alleged infringement. It is not incidental to the infringement suit. To afford plaintiffs relief with respect to the license it would be necessary to amend the pleadings to set up the new cause of action with a prayer for new and additional relief. The court would be called upon, first, to try and determine the issue as to reformation of the license, and, afterwards, to try and determine the question of infringement. This court, however, lacks jurisdiction to try the first issue because of the want of diversity of citizenship between the parties.

Under the circumstances, further proceedings in this cause should be suspended pending the determination of the suit to be instituted in the Court of Chancery to reform the license.