## In re SYNDICATE OIL CORPORATION.

District Court, D. Delaware.

Nov. 30, 1934.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for debtor.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., and Lewis Clinton, of Rochester, N. Y., for creditor petitioning for transfer.

NIELDS, District Judge.

This is a rehearing of a petition for transfer of this proceeding to the Western district of New York. The original petition to transfer was denied upon a finding that the principal place of business of the debtor was in the west and not in Rochester. At the rehearing the president and general manager of the debtor gave oral testimony that convinces me that the court erred in denying the original petition.

The company has two offices, one at Rochester, N. Y., and one at Wichita, Kan. A western manager is located at Wichita. He negotiates sales of crude oil and gas, although contracts covering the sales are executed by the president and secretary in Rochester. At the end of each month the western manager sends to Rochester a statement showing all accounts payable for materials and labor and other amounts due which are paid by check from Rochester. Occasionally a check for a gross amount is forwarded and deposited in a bank in Wichita and there disbursed.

The president and general manager of the company resides in Rochester. The directors meet there. The principal bank account of the company is kept there. The Rochester office draws checks to the different individuals to whom money is due, and forwards them to the western manager for delivery. Financial statements are prepared by the company's auditors at Rochester. All records of the company except the original production records are kept there. Duplicate production records are there. Men operating in the field are hired by the Kansas office, but they are paid by checks from Rochester. The drilling of new wells is decided upon by the president and directors at Rochester. Supervision and direction of the business of the company is exercised by the president and general manager and board of directors at Rochester.

It is clear from the foregoing facts that the principal place of business of the debtor is Rochester. In re Consolidated Gas Utilities Company (D. C.) 8 F. Supp. 385. The statements in the prior opinion (8 F. Supp. 215) that the sole purpose of the Rochester office was for holding meetings of directors and stockholders, and that the primary records of the debtor are kept in the west, is contradicted by the testimony and the record now before the court.

I find that Rochester in the Western district of New York is the principal place of business of the debtor.

Will the interests of the parties be best subserved by a transfer? This question is answered by the president and general manager. When asked whether the interests of creditors and others concerned would be best subserved in Rochester, he replied, " * * * If we could have filed in New York we would have done it at the time but we were advised we could not. There is no reason to come to Delaware if we could have filed in New York." A transfer at this stage will not entail serious embarrassment. A transcript of the record here will enable the New York court to carry forward the proceeding.

It is apparent that a controversy also is involved between the debtor and one Jardine of Toronto, Canada, who is a substantial creditor and stockholder. Obviously it would be more convenient and economical to litigate that controversy in Rochester where the books and records are located and where witnesses reside than in this court hundreds of miles away.

The order denying the petition to transfer must be vacated and set aside, and the prayer of the petition to transfer must be granted.