In re BOTANY CONSOL. MILLS, Inc.
No. 1118.

District Court, D. Delaware.
March 11, 1935.

Harry Rubenstein, of Wilmington, Del., Archibald Palmer and Abraham J. Cohen, both of New York City, and Harry H. Weinberger, of Newark, N. J., for petitioning creditors and interveners.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., and Morris F. Goldstein, of New York City, for Independent Bondholders' Protective Committee.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., and Louis H. Hall (of Putney, Twombly & Hall), of New York City, for debtor and petitioner for transfer.

Edward M. Boyne (of Hornblower, Miller, Miller & Boston), of New York City, for Bondholders' Protective Committee.

NIELDS, District Judge.

Five creditors of Botany Consolidated Mills, Inc., holders of bonds aggregating $10,000, filed a petition under section 77B of the Bankruptcy Act, 11 USCA § 207. In due course the debtor filed its answer praying that the creditors' petition be dismissed for several reasons, among them, that the creditors' petition showed "upon its face that it is not filed in good faith." Before the issues presented by the pleadings were determined, debtor took two further steps. It filed a voluntary petition in proceedings for reorganization under section 77B in the District of New Jersey, which as yet has not been approved by the District Court. On the following day debtor filed a petition in this court to transfer these proceedings to the District of New Jersey.

Debtor's petition to transfer the proceedings to the District of New Jersey presents the matter to be determined here.

Debtor was organized to acquire, and did acquire, a weaving, dyeing, and finishing plant for the manufacture of worsted goods in Garfield, N. J., and the capital stock of Botany Worsted Mills, a New Jersey corporation, in Passaic, N. J., owning and operating a spinning, weaving, dyeing, and finishing plant. Since its organization, debtor's principal place of business at all times has been in the District of New Jersey. Debtor's officers and the majority of its directors are residents of New Jersey. All debtor's books of account, records, title papers, and documents are kept in New Jersey. All contracts for the purchase and sale of goods of the debtor and of its subsidiary are made in New Jersey. Upon a creditors' bill filed in 1932 in the District Court for the District of New Jersey, receivers in equity of the debtor's property and business were appointed by that court and are still in possession of its assets. The assets of the debtor and of its subsidiary are within the state of New Jersey. The largest unsecured creditor of debtor is its subsidiary at Passaic. The claims of other unsecured creditors are less than $10,000. Protective committees of various classes of security holders have been formed with offices in New York City. The members of the committees are residents of New Jersey and New York. Therefore debtor represents that the interests of all the parties will be best subserved by transferring these proceedings to the territorial jurisdiction of New Jersey. The petition to transfer is supported by the affidavit of the treasurer of debtor.

Without traversing any of the material averments in debtor's petition, petitioning creditors move that the prayer of that petition be denied. Petitioning creditors object to the jurisdiction of this court to transfer the proceedings on several grounds. They contend that by the filing of an answer to creditors' petition debtor "accepted and conferred jurisdiction upon this court to hear and determine the merits of this controversy, and the subsequent filing of an application for transfer is untimely and illegal, improper and not permissible under the statute or under equity procedure." That in petitioning for transfer, debtor failed to observe principles of good faith required in connection with proceedings instituted under section 77B, not only because the petition for transfer was presented after answer, but also after debtor had filed an original debtor's petition in New Jersey which "was refused acceptance by the District Court of New Jersey." Further, that debtor's petition to transfer "is dilatory and made simply for the purpose of delay and for the purpose of avoiding the jurisdiction of the District Court of Delaware." Oscar C. Seebass and other intervening bondholders join with the petitioning creditors and seek the same relief.

Jurisdiction to transfer proceedings to a proper territorial jurisdiction is expressly granted. "The court shall upon petition transfer such proceedings to the territorial jurisdiction where the interests of

all the parties will be best subserved." Bankruptcy Act § 77B (a), 11 USCA § 207 (a). Assume a case where it is patently in the interest of all parties that the proceedings be transferred, are the interests of all to be defeated because the debtor has filed an answer to the original petition? Equally absurd is the argument that the debtor is barred, yet every other party in interest may petition for transfer. Any party in interest may petition for transfer and invoke the jurisdiction of this court. The provision of the statute was intended to serve a sound and wholesome policy. To defeat the policy upon grounds suggested in the motion of the petitioning creditors would be in plain violation of section 77B.

The court has had occasion to consider the appropriate territorial jurisdiction to which proceedings under 77B should be transferred. In re Consolidated Gas Utilities Co. (D. C.) 8 F. Supp. 385; In re Syndicate Oil Corporation (D. C.) 9 F. Supp. 127. Applying those cases, it is clear these proceedings should be transferred to the District of New Jersey. With the conduct of the equity receivership this court has no concern.

The petition to transfer should be granted.