## In re KELLY–SPRINGFIELD TIRE CO.

District Court, S. D. New York.
March 16, 1935.

Krause, Hirsch & Levin, of New York City, for petitioning creditors.

Gleason, McLanahan, Merritt & Ingraham, of New York City, for debtor corporation.

PATTERSON, District Judge.

The motion is by the debtor to dismiss an involuntary petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207) filed by three alleged creditors. The involuntary petition was filed in this district on February 23, 1935. Three days later, on February 28, 1935, the debtor itself filed a voluntary petition under section 77B in the District Court of

Maryland. That petition was approved by the court and temporary trustees appointed in Maryland on March 2, 1935. See 10 F. Supp. 414. The motion to dismiss the proceeding in this district is based on the filing of the voluntary petition in Maryland and on the approval of that petition.

The debtor is a corporation organized under the laws of New Jersey. It manufactures and sells tires. The factory and practically all the assets are located in Maryland. There is an office in this district. The petitioning creditors say that the New York office is the principal place of business; the debtor disputes this, claiming Maryland as the principal place of business.

Section 77B, subd. (a), 11 USCA § 207 (a), permits the institution of a reorganization proceeding in any one of several districts: In the district where the corporation, during the preceding six months, had its principal place of business, or in the district where it had its principal assets, or in any district of the state where it was incorporated. So the jurisdiction of the District Court of Maryland, the district of principal assets, is undisputed. The jurisdiction of this court hangs on whether the office here was the principal place of business. The case then is one where an involuntary petition by creditors was first filed in this district where the principal place of business may or may not be located, and where the debtor three days later filed a voluntary petition in another district where beyond dispute are found the principal assets, in which district the petition was approved by the court and trustees appointed prior to any action taken on the involuntary petition in this district.

A like situation was before the Circuit Court of Appeals of the Fourth Circuit in Hamilton Gas Co. v. Watters, 75 F.(2d) 176, decided January 9, 1935. An involuntary petition under section 77B was filed in the District of West Virginia, where were most of the debtor's assets. On the following day the debtor, a Delaware corporation, filed a voluntary petition here, on the ground that the principal place of business was in this district, and that petition was promptly approved by this court. The Circuit Court of Appeals held that, on the assumption that the principal place of business was in New York, the District Court of West Virginia should have transferred the proceeding before it to the Southern District of New York, and that it erred in retaining the case. In reaching this conclusion, the court took cognizance of the provisions of section 77B, particularly of the applicability of section 32 of the old Bankruptcy Act (11 USCA § 55) and General Order 6 of the Supreme Court (11 USCA § 53), and ruled that it is priority of approval, rather than priority of filing of petition, that determines the right of a court to retain jurisdiction against another court of coordinate jurisdiction. The court was also of the view that it was in line with the legislative purpose to permit the corporate debtor to select the district, out of those permissible under the section, in which its plan of reorganization should be considered, provided it act promptly, rather than to give this privilege to any three creditors with claims however small.

The facts here are analogous. Even if the principal place of business is here, a court of competent co-ordinate jurisdiction has already approved the debtor's voluntary petition and has taken charge of the case. The petition will not be dismissed, as moved for by the debtor, but the proceeding in this district will be transferred to the District of Maryland. The motion of the petitioning creditors to keep the proceeding here but to stay further steps in it will be denied.