In re ASSOCIATED GAS & ELECTRIC CO.
No. 381.

Circuit Court of Appeals, Second Circuit.
May 4, 1936.

George M. Le Pine, of New York City, for debtor.

Edward F. Ronan, of Binghamton, N. Y., for opposing creditors.

Miller, Owen, Otis & Bailly, of New York City, for Dutch security holders.

Warnick J. Kernan, of Utica, N. Y., for escrow agents.

Archibald L. Jackson, of New York City, for appellant junior stockholders.

Travis, Brownback & Paxson, Carl M. Owen, and Moses & Singer, all of New York City, and Piper, Carey & Hall, of Baltimore, Md., of counsel.

Martin C. Ansorge, of New York City, George J. Hatt, 2d, of Albany, N. Y., McCloy & Bravman, of New York City, Jacob A. Freedman, of Brooklyn, N. Y., and J. Joyce Klinger, of St. George, S. I., N. Y. (Jack Lewis Kraus, II, of New York City, of counsel), for appellees petitioning creditors.

Frank J. Wideman, M. H. Eustace, Lucius A. Buck, and W. C. Jennings, Sp. Assts. to Atty. Gen., E. W. Pavenstedt, of Washington, D. C., Lamar Hardy, U. S. Atty., and Francis H. Horan, Asst. U. S. Atty., both of New York City, for the United States, as amicus curiæ.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

In the United States District Court for the Northern District of New York a petition in section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), asking for reorganization of the debtor, was filed by creditors in June, 1934. The debtor, opposing creditors, and stockholder groups answered denying the allegations of the petition, and raising questions of good faith, insolvency, and the commission of acts of bankruptcy. The petition has not, as yet, been approved. The issues raised have not been tried except that, after hearings, it was found that the original and amended petitions were filed in good faith.

The Circuit Judge hearing the cause has been duly assigned to sit in the Southern district of New York and specifically assigned to sit in this proceeding in the Northern district of New York. All matters in the proceeding which, in addition to the question of good faith in filing the petition, involved some motions on questions of law, have been, by consent, heard by this judge in his chambers in the Southern district. The debtor at all times specifically reserved the right to have the trial of the issues of insolvency and the com-

mission of acts of bankruptcy held within the territorial limits of the Northern district where the proceedings were pending. On March 24, 1936, the debtor withdrew its consent to further hearings in the Southern district, and requested that the trial involving these issues be held within the Northern district of New York, preferably in Binghamton or Syracuse, the regular place for holding court nearest the principal place of business of the debtor, namely Ithaca, N. Y. The judge however, ordered that these issues be tried at his chambers in the Southern district. The order was filed April 2, 1936, in the Northern district of New York, and, among other things, recited:

"That being a Circuit Court Judge, regularly and duly assigned * * * to both the U. S. District Court for the Northern District of New York and the U. S. District Court for the Southern District of New York, there rests in me jurisdiction to designate my Chambers in the United States Court Building in the Southern District of New York as the place for the holding of hearings on, and determination of, the issues of insolvency of the debtor and the commission by the debtor of acts of bankruptcy; and I being satisfied that sound and valid reasons exist and that the interests of all the parties will be best subserved by so exercising my discretion, do direct that hearings on and a determination of, said issues, should be held in my said Chambers in the Southern District of New York. * * *"

The order further recites that the debtor has not waived, but has at all times reserved, any alleged right to have such issues heard and determined within the territorial limits of the Northern district of New York, and has not consented to the hearing or determination of said issues outside of the territorial limits of the Northern district of New York. The order further directs the production of the debtor's books, papers, and accounts at a hearing set for the 13th of April, 1936. The debtor appeals from this order.

■ The court expressly ruled that the hearing and determination of the issues of insolvency and the commission of acts of bankruptcy in a proceeding under section 77B constituted a trial and not a mere legal argument or entry of an order at chambers. Rule 77B (3) (c) of the Southern district and order 7 of the General Orders in Bankruptcy (11 U.S.C.A.

following section 53) furnish authority and analogy for a similar conclusion. In re Philadelphia Rapid Transit Co. (D.C.) 8 F.Supp. 51, affirmed Wilson v. Philadelphia Rapid Transit Co., 73 F.(2d) 1022 (C. C.A.3), is not to the contrary, since it involved merely the satisfaction of a judge as to good faith in filing, which the court noted could be determined in any manner.

The question presented is thus whether the judge has jurisdiction to try these issues in the Southern district of New York, without the debtor's consent, and to direct the debtor to produce its books and papers without the Northern district of New York. The question involved is important, for such proceedings involve the reorganization and its consequences of a large corporation and to protect the security holders should be before a court of unquestioned jurisdiction. Moreover, the right to subpœna witnesses to appear in person at the trial is affected. Section 876, Rev.St., as amended (28 U.S.C.A. § 654).

The learned judge proceeded on the theory that, since he held authority to act as a judge within both districts, he could order any proceedings not requiring a jury trial to be heard before him outside the district where the case was pending. Ex parte Steele, 162 F. 694 (D.C.N.D.Ala.), was relied on below. The judge there, authorized to sit in both the Middle and Northern districts of Alabama, said it had been the invariable and unchallenged practice of himself and his predecessors while in one district to make all necessary orders in bankruptcy to be entered in the other district in cases pending there, save in matters where a jury was required. In Re Steele, 161 F. 886 (D.C.N.D.Ala.). decided by the other judge of the Northern district, it was held that the statutory authority to make the order had to be exercised in the district for which it was to be effective. The controversy reached the Circuit Court of Appeals in Birch v. Steele, 165 F. 577 (C.C.A.5), but the point was not decided. Although the court assumed that the order made was valid, the order involved merely the appointment of a bankruptcy receiver for the Northern district. It was not an adversary proceeding but an administrative detail, and as such is clearly of a character to be transacted in chambers. It thus appears that the holding in the case was narrower than the statement as to the court's practice.

Restricted to the rule that chamber business may be done outside the district where the case is pending but within another district, where the judge is authorized to act, the Steele Case agrees with the other case relied on by the court below [In re American Home Furnishers' Corporation, 296 F. 605, 607 (C.C.A.4)], where the court indicated the limits of the rule by saying: "The general rule is that a judge has no power to try cases, either in law or in equity, outside his own district." This statement referring to equity cases shows that the distinction does not turn on the need of a jury for the trial.

In a number of cases, acts done by a judge outside the territorial limits of the district within which the case was pending have been justified as being proceedings which could be conducted at chambers. In re Parker, 131 U.S. 221, 9 S.Ct. 708, 33 L. Ed. 123, notice of appeal; Ex parte Harlan, 180 F. 119 (C.C.N.D.Fla.), order for drawing grand jury. See Apgar v. United States, 255 F. 16, 18 (C.C.A.5), order for drawing petit jurors; United States v. Goldstein, 271 F. 838 (C.C.A.8), expunging certain findings in a decree. In Horn v. Pere Marquette R. Co. (C.C.) 151 F. 626, 638, the appointment of a receiver in such circumstances was supported as chamber business. The court there said that reasons of public convenience applicable to jury trials and even to final hearings in equity cases are by no means applicable to chamber business. Although the court cited In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55, and said, "Nothing is more well known than the practice referred to by the Justice Miller, of judges hearing equity causes upon their merits at a place convenient to him and the parties other than the places where the regular terms of open court are held," the court in the Neagle Case was merely referring to the judicial duties performed outside of the courtrooms, and no nicety of definition of chamber business was required. In re Tampa Suburban R. Co., 168 U.S. 583, 586, 18 S.Ct. 177, 42 L.Ed. 589, intimates that a judge may be without power to grant injunctions, appoint receivers, or enter orders or decrees, in invitum, while he is without the territorial limits of the court. Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969, and Toland v. Sprague, 12 Pet. 300, 9 L.Ed. 1093, go on the ground that an order properly entered within the district may not

have coercive force beyond the territorial limits of the court's jurisdiction. Both contain language, however, to the effect that a court must sit within its territorial limits. See, also, Primos Chemical Co. v. Fulton Steel Corporation, 254 F. 454, 458 (D.C.N.D.N.Y.).

The statutory division of the United States into judicial districts (Judicial Code, c. 5, § 69 et seq., 28 U.S.C.A. § 141 et seq.), implies that cases pending in a certain district shall be tried there. It is specifically provided (Judicial Code, § 11, 28 U.S.C.A. § 15) that special terms be held "in the district." The provisions for the transfer of 77B proceedings would seem superfluous if a judge could force a case pending in one district to be heard in another.

The fact that the judge hearing this case happens to be authorized to sit as a judge in another district is entirely accidental and nonessential to the question of whether he has the power to hear a case pending in the Northern district as a judge of that district outside the territory of that district.

The statute (Judicial Code, §§ 13, 14, 28 U.S.C.A. §§ 17, 18), providing for the assignment of a judge of one district to another, provides that he is to be "assigned" "to act as district judge *in such district*," and that he "perform the duties of district judge and hold a district court *in any such district*." Further, he is authorized to hold "a district court *in the district* or territory to which such judge is designated and assigned and discharge all the judicial duties of the district or territorial judge *therein*." He has only the same powers and rights and is to perform the same duties as the resident appointed judge for the district, and all causes and proceedings in the courts held by him have the same effect and validity, and no more, than as if done by and before the District Judge of the district. Judicial Code, §§ 18, 19, 28 U.S.C.A. §§ 22, 23. He may be authorized to enter chambers orders elsewhere, by that fact, but such orders are those only covering administrative work, including the preparation of a case for trial. The exceptional authority to carry on preparation for trial outside the district where the case is pending does not go to the trial itself, even if heard without a jury. Section 9 of the Judicial Code (28 U.S.C.A. § 13) and section 18 of the Judicial Code (28 U.S.C.A. § 22) clearly set forth this distinction; the one pointing to matters pertaining to trial and the other pertaining to matters relating to appeal.

Nor can the order be affirmed, as it was entered, upon the suggestion that it is in effect a transfer to the Southern district of New York under the provisions of section 77B. While section 77B (a), 11 U.S.C.A. § 207 (a) may be literally read to exclude the privilege of transfer before the determination of the issue of insolvency where the petition has been filed by creditors, a voluntary proceeding may be transferred at any time, and, after the determination of insolvency on the creditor's petition, procedure in either case is the same, whether the petition has been filed by creditors or debtors. But it could not have been intended that an involuntary proceeding could not be transferred before the insolvency issue is found but could be after that. Involuntary proceedings have been transferred without regard to whether or not insolvency had already been found (In re Consolidated Gas Utilities Co., 8 F. Supp. 385 (D.C.Del.) and before it had been tried (In re Botany Consol. Mills, Inc., 10 F.Supp. 267 (D.C.Del.); In re Kelly-Springfield Tire Co., 10 F.Supp. 419 (D.C.S.D.N.Y.). In the last two cases there was an involuntary petition filed in one district and a voluntary petition filed in another district. In this situation, a transfer of proceedings where petitions by section 32 of the original Bankruptcy Act (11 U.S.C.A. § 55), which is made applicable by subdivision (k) of section 77B (11 U.S.C.A. § 207 (k) to a proceeding under section 77B. Section 32 provides for transfer without any petition is authorized are filed in different courts of bankruptcy, each of which has jurisdiction. The transfer is effected by one court relinquishing jurisdiction and the proceedings are consolidated in that court which can proceed with the greatest convenience to the parties in interest.

Though a transfer in the case at bar may not be justified on the same grounds, a fair interpretation of section 77B would allow it. While the order entered presents a finding of fact of the interest of the parties being best served by the trial in New York City, the debtor must be granted an opportunity to combat this, and, in the present proceeding, he was within his rights in objecting to the order made on

738

the basis of judicial power alone. There was no transfer ordered here, and the order makes no pretension to be such a direction.

Order reversed.