UNITED STATES of America,
Appellee,

v.

Gennaro J. ANGIULO, Defendant,
Appellant.

No. 74–1068.

United States Court of Appeals,
First Circuit.

Argued May 8, 1974.

Decided May 31, 1974.

Joseph J. Balliro, Boston, Mass., with whom Henry D. Katz, Boston, Mass., was on brief, for appellant.

Richard S. Stolker, Atty., Dept. of Justice, with whom James N. Gabriel, U. S. Atty., Gerald E. McDowell, Sp. Atty., Boston Strike Force, and Jerome M. Feit, Atty., Dept. of Justice, were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Prior to his first trial Angiulo moved for transfer of venue on the ground that prejudicial publicity had made it impossible for him to obtain a fair trial "in and about the District of Massachusetts". His motion was denied. He was subsequently tried and convicted for assaulting a federal officer, in violation of 18 U.S.C. § 111. For reasons not material on this appeal, we vacated the judgment and ordered a retrial, 1 Cir., 485 F.2d 37 (1973). He then renewed his motion for "transfer of the trial of this indictment from the District of Massachusetts to some other less prejudicial district" saying in support thereof that he had been the victim of "prejudicial publicity . . . in and about the New England States".

Despite counsel's request, made during the hearing on the motion, that Angiulo be transferred to some jurisdiction outside New England, the district court announced that it was ordering the case transferred for trial in Concord, New Hampshire. When the court so announced, counsel stated that if the trans-

fer to New Hampshire was in response to the renewed motion, then "we would withdraw that motion", since defendant would be more prejudiced trying the case in a small community than in the Boston metropolis. The court let the order stand.[1] Following a trial in New Hampshire, appellant was again convicted.

Angiulo now contends that his Sixth Amendment right to trial in the state and district "wherein the crime shall have been committed" was abridged because the district court disregarded F. R.Crim.P. 21(a) by granting a transfer other than "upon" his motion, and because it did not truly find that appellant could not obtain a fair and impartial trial in Massachusetts. We affirm the judgment of the district court.

Rule 21(a) authorizes the court to transfer a criminal case to a district other than the district where the prosecution is pending, "whether or not such district is specified in the defendant's motion" for transfer. Here, the operative words in the motion were for a transfer from Massachusetts to "some less prejudicial district". The motion on its face did not preclude transfer within New England,[2] and, under the Rule, Angiulo would have had no right to foreclose the court's transfer options. Once appellant moved for transfer of venue, the decision about where to transfer was within the discretion of the trial court, United States v. Marcello, 280 F.Supp. 510, 520 (E.D.La.1968), aff'd, 423 F.2d 993 (5th Cir.), cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970); 1 Wright and Miller, Federal Practice § 342 (1969 ed.); *cf.* United States v. Projansky, 465 F.2d 123 (2d Cir. 1972). Angiulo's assertion, voiced at the hearing on his motion, that New Hampshire was not a district "less prejudicial" than Massachusetts need not have controlled the court's determination. The evidence of possible prejudice within New England consisted largely of clippings from Boston-area newspapers. We cannot say that the trial court abused its discretion by concluding that the same degree of prejudice would not exist in New Hampshire.

We have little hesitancy in deciding, therefore, that the court had before it a transfer motion suitable under Rule 21(a), and that it had authority under the Rule to select New Hampshire notwithstanding counsel's oral objection. The more difficult question is whether, notwithstanding the court's compliance with Rule 21(a), Angiulo sufficiently waived his constitutional right not to be tried at "a place away from the scene of the charged events". *See* Serio v. United States, 126 U.S.App.D.C. 297, 377 F. 2d 936, 941 (1967) (Burger, J., concurring and dissenting). Angiulo properly reminds us that "Questions of venue in criminal cases . . . are not matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed." United States v. Johnson, 323 U.S. 273, 276, 65 S.Ct. 249, 251, 89 L.Ed. 236 (1944). Here we must take account both of his right to a trial in the vicinage and his potentially conflicting right to trial before an unprejudiced jury. And to discourage forum shopping and unwarranted delay, we must not be so perfectionistic as to thwart unduly the resolution of such rights in the district court prior to trial.

We think Angiulo's written motion was a waiver of his constitutional right to a trial in the vicinage. As stated *ante*, note 2, counsel's oral requests

---

1. The order as entered was as follows: ". . . The motion for change of venue, to the extent that it requests a transfer from this district to a district outside the First Circuit, is denied. However, the motion is allowed to the extent that the case be, and it hereby is, transferred to the United States District Court for the District of New Hampshire . . . ."

2. Counsel did state at the beginning of the hearing on the motion that his client did not want to be tried in any other New England jurisdiction. But whether this statement was meant to "qualify" or "condition" the motion or was intended merely to state a preference which the court could accept or ignore as it chose, is less than clear.

prior to the court's ruling cannot be said to have changed or conditioned the relief sought. Angiulo's skilled and conscientious counsel had consistently taken the position, supported by an array of newspaper clippings, that media publicity precluded a fair trial in Massachusetts. Although presentation of the merits at the first trial lasted less than a day, selection of the Massachusetts jury had taken a full day. The district court was entitled to conclude that Angiulo, after deliberation and with competent advice, had determined that a trial in the District of Massachusetts was not in his interest. The case therefore bears little resemblance to those where confused or poorly counselled individuals have purported to surrender constitutional rights.

■■ Nonetheless, there remains the question whether the district court should have allowed Angiulo's request, made immediately after the court's ruling, to withdraw the transfer motion. This is a close question, and we do not agree with the district court's suggestion that it may have lacked power to allow withdrawal. We agree with the Fifth Circuit's formulation in *Marcello, supra* at 1005: "A defendant ought to be allowed to withdraw a prior waiver of a Constitutional right when there is no justification otherwise. . . ." However, the issue before us is not whether we agree with the district court's refusal to permit withdrawal but whether we believe its failure to do so was an abuse of discretion. We find adequate justification. First, we are unwilling to presume, as appellant would have us do, that the district court did not have serious and well-founded reservations about Angiulo's ability to have a fair trial in Massachusetts.[3] This being so, it was entitled to weigh appellant's

due process rights against withdrawal of the waiver. It could also deem it preferable to hold the trial in a district where there was less risk of reversible error from problems associated with jury prejudice. The court also was entitled to conclude that the asserted basis for withdrawal—defendant's desire to be tried in a city rather than a smaller community—had nothing to do with the historic reasons associated with the constitutional protection against being "transported for trial". *Serio, supra* at 941. Finally, for us to override the district court in these circumstances would be to hold that defendant was entitled to two bites of the apple:[4] a right to seek transfer, and a right to withdraw if the announced transferee court was not to his liking. We do not believe that a reasonable balancing of all the interests involved, including the public's interest in preventing Rule 21(a) from being utilized as a forum shopping device, necessitates so enlarging a defendant's tactical options as a matter of absolute right. While suggestions in this direction have been made, *see* Note, Change of Venue in Criminal Cases: the Defendant's Right to Specify the County of Transfer, 26 Stan.L.Rev. 131 (1973), we do not accept them. If specific circumstances in the transferee district had thereafter threatened defendant's right to a fair and impartial trial, these might have been called to the transferee court's attention. *Cf.* United States v. Holdsworth, 179 F.2d 933, 937 (1st Cir. 1950). Here there is no complaint concerning the course of subsequent events in New Hampshire. Having waived his right to be tried in Massachusetts, defendant was tried in New Hampshire before a fair and impartial jury. That is all he was entitled to expect.

Affirmed.

3. We do not read the record as indicating a contrary view.

4. Or, to mix metaphors,
"A litigant cannot experiment with the judge presiding over the case. . . . We cannot permit a litigant to test the mind of a trial judge like a boy testing the

temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge."
State ex rel. Shufeldt v. Armigo, 39 N.M. 502, 506, 50 P.2d 852, 855 (1935), quoted in In re United Shoe Machinery Corp., 276 F.2d 77, 79 (1st Cir. 1960).