The UNITED STATES of America,

v.

J. T. WILLIAMS, Defendant.

Crim. No. 77–119.

United States District Court,
W. D. New York.

Oct. 6, 1977.

Richard J. Arcara, U. S. Atty. for the Western Dist. of New York, Buffalo, N.Y., for United States; William M. Skretny, First Asst. U. S. Atty., Buffalo, N.Y., of counsel.

Gene Stipe, John B. Estes, Stipe, Gossett, Stipe & Harper, Oklahoma City, Okl., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Defendant has moved to dismiss the indictment on the grounds that a delay of two years and eight months between the commission of the alleged offenses and the return of the indictment violated his rights to due process and to a speedy trial guaranteed by the Fifth and Sixth Amendments to the United States Constitution, and that the indictment is so vague and general that it fails to inform him sufficiently of the nature of the charges so as to enable him to prepare a proper defense and to be able to plead an acquittal or conviction of the crimes charged as a bar to any subsequent prosecution based upon the same alleged illegal acts. In addition, defendant has moved for a change of venue to the United States District Court for the Eastern District of Oklahoma.

■ At the outset, it should be recognized that the Sixth Amendment's guarantee to a speedy trial does not attach until a person has been "accused" of a crime, either by being arrested or named in an indictment or information. Pre-accusation delays may only be challenged on due process grounds. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The arrest of a defendant prior to the return of an indictment would invoke the speedy trial guarantees of the Sixth Amendment because such arrest would render defendant an "accused" prior to indictment. *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). In the present case, however, defendant was not arrested prior to being indicted and thus his claims of unconstitutional delay in the return of the instant indictment can only be bottomed on his rights to due process.

■ Dismissal of an indictment on due process grounds is warranted if it is shown that the pre-indictment delay caused substantial prejudice to defendant and that the Government's delay was an intentional device to gain a tactical and unfair advantage over the defendant. *United States v. Marion, supra*, 404 U.S. at 324, 92 S.Ct. 455. In the present case, defendant has not demonstrated that he has suffered any actual prejudice because of the delay in returning the indictment. Defendant's general and unsubstantiated statements in his memorandum of law that exculpatory documents and records have been misplaced or lost and that witnesses have become unavailable are insufficient to show that defendant has suffered any actual prejudice. *United States v. Marion, supra*, at 326, 92 S.Ct. 455; *United States v. Finkelstein*, 526 F.2d 517, 526 (2d Cir. 1975), *cert. denied*, 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976); *United States v. Foddrell*, 523 F.2d 86, 87 (2d Cir.), *cert. denied*, 423 U.S. 950, 96 S.Ct. 370, 46 L.Ed.2d 286 (1975); *United States v. McGough*, 510 F.2d 598, 604 (5th Cir. 1975). Pre-accusation delay, by itself, does not constitute the substantial prejudice necessary to justify dismissal of an indictment. *United States v. Finkelstein, supra*, at 526; *United States v. Pollack*, 175 U.S.App.D.C. 227, 232–33, 534 F.2d 964, 969–70 (1976); *United States v. Butts*, 524 F.2d 975, 977 (5th Cir. 1976). Furthermore, defendant does not allege that the Government intentionally delayed filing the instant indictment to gain a tactical advantage but merely contends that the delay was the result of the Government's negligence without speci-

fying how and in what way the Government was negligent. Negligent or other delay on the part of the Government, absent a showing of actual prejudice to defendant, does not warrant dismissal of an indictment on due process grounds. *United States v. Finkelstein, supra,* at 526; *United States v. Duke,* 527 F.2d 386, 388–90 (5th Cir. 1976).

■ Defendant's contention that the instant indictment is too vague and general to prepare a proper defense or to plead an acquittal or conviction as a bar in other proceedings is not tenable. The instant indictment sets forth the offenses charged with sufficient clarity and precision to apprise defendant of the nature of the alleged criminality. It sets forth the elements of such offenses and facts sufficient to enable defendant to frame a proper defense and to ensure that his double jeopardy rights will be protected. *See, Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Chestnut,* 533 F.2d 40, 45 (2d Cir. 1976); *United States v. Salazar,* 485 F.2d 1272, 1277 (2d Cir.), *cert. denied,* 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1973); *United States v. Fortunato,* 402 F.2d 79, 82 (2d Cir. 1968), *cert. denied,* 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1969).

■ Section 3237(a) of Title 18 of the United States Code provides that any offense against the United States begun in one district and completed in another or committed in more than one district may be inquired of and prosecuted in any district in which such offense was begun, continued or completed. In the present case, the alleged false statements were prepared, executed and mailed in and from the Eastern District of Oklahoma to a bank situated within the Western District of New York. The alleged offenses were commenced in Oklahoma and completed upon receipt of the false statements by the bank. Thus, venue is proper in both the Eastern District of Oklahoma and the Western District of New York. *United States v. Candella,* 487 F.2d

1223 (2d Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1563, 39 L.Ed.2d 872 (1974); *United States v. Ruehrup,* 333 F.2d 641 (7th Cir.), *cert. denied,* 379 U.S. 903, 85 S.Ct. 194, 13 L.Ed.2d 177 (1964); *United States v. Miller,* 246 F.2d 486 (2d Cir.), *cert. denied,* 355 U.S. 905, 78 S.Ct. 332, 2 L.Ed.2d 261 (1957); *De Rosier v. United States,* 218 F.2d 420 (5th Cir. 1955). *Reass v. United States,* 99 F.2d 752 (4th Cir. 1938), is not to the contrary, being factually distinguishable from the previously cited cases and the one at hand. In *Reass,* the defendant, after assembling data and material and drafting the document allegedly containing the misrepresentation in West Virginia, personally took the previously prepared application to Pennsylvania and there personally presented it to the bank. In holding that under these factual circumstances venue could only be laid in the Western District of Pennsylvania the court pointed out at page 755 that it was not deciding whether the offense charged would have been cognizable in West Virginia if the defendant had entrusted the application to the mails in that state for delivery to the Pennsylvania bank.

■ A motion for change of venue is addressed to the sound discretion of the trial judge. *Platt v. Minnesota Mining and Manufacturing Co.,* 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964); *United States v. Garber,* 413 F.2d 284 (2d Cir. 1969). The factors to be considered on a motion for change of venue are: locations of defendant, counsel, possible witnesses, and documents and records likely to be in issue; possible disruption of defendant's business; expense to the parties; relative accessibility of the place of trial; and docket conditions of each district involved. *Platt v. Minnesota Mining and Manufacturing Co., supra; United States v. Clark,* 360 F.Supp. 936, 941 (S.D.N.Y.), *mandamus denied,* 481 F.2d 276 (2d Cir. 1973). In support of his motion, defendant alleges that he resides and his counsel are located in Oklahoma and that

his books, records, documents and witnesses are also located there and would have to be transported to the Western District of New York for trial. The mere fact that it would be more convenient for defendant to have the case tried in the district in which he resides and in which his counsel are located is insufficient to support a change of venue. Furthermore, defendant does not state how and to what degree producing his records and witnesses would be burdensome and expensive to him but merely argues in his memorandum that each factor listed above when applied to the facts in the instant case supports a change of venue in the interests of justice. He does not provide any factual substantiation for such contention. The burden on a motion for change of venue is on the movant (in this case the defendant) and he has failed to carry his burden. There has been no showing that in the interests of justice the instant case should be transferred to the Eastern District of Oklahoma.

Finally, the Government's contention that this Court is authorized to transfer an action to another district only when the crime charged was committed both in the district where the indictment was returned and in the transferee district cannot pass without comment. Fed.R. Crim.P. rule 21(b) was amended in 1966 to remove this restriction and a court may now on a defendant's motion transfer an action in the interests of justice to a district in which no part of the alleged offense was committed. *United States v. Angiulo,* 497 F.2d 440 (1st Cir. 1974); *United States v. Marcello,* 280 F.Supp. 510 (E.D.La.1968), *aff'd,* 423 F.2d 993 (5th Cir.), *cert. denied,* 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970); 8A *Moore's Federal Practice,* ¶ 21.-04[1]. A motion by defendant for change of venue is deemed a waiver of his constitutional and statutory right under Fed.R. Crim.P. rule 18 to be tried in the district in which the alleged offense was committed.

It is therefore hereby

ORDERED that defendant's motions are in all respects denied.