### In re APPLICATION TO TAKE TESTIMONY IN CRIMINAL CASE OUTSIDE DISTRICT.

United States District Court, E.D. New York.

June 8, 1984.

MEMORANDUM ON ADMINISTRATIVE
RESPONSE TO REQUEST FOR
CONSENT OF CHIEF JUDGE

WEINSTEIN, Chief Judge.

A judge of this court has applied to me, as Chief Judge, for consent to take testimony, in a criminal case pending in this district, outside the district or, if I believe I lack the power to grant such consent, to have the request forwarded to the Chief Judge of the Circuit. The judge intends to use the United States Courthouse in Westchester to hear a witness who is too ill to testify at the United States Courthouse in Uniondale, Nassau County. The Uniondale Courthouse is in the Eastern District of New York and the Westchester Courthouse is in the Southern District of New York. The jury and defendant would accompany him to hear the testimony.

## I. CONSENT

■ In my opinion, on the assumption that the parties consent, no permission is required to permit the court to sit and take testimony outside the district. The fact that a jury will hear the testimony makes no difference since the parties may waive venue rights. *A fortiori* they may waive rights to provide testimony in a specific courthouse.

A jury of the vicinage is being provided. No violation of the Sixth Amendment to the Constitution is involved.

The defendant's own consent should be obtained in writing or on the record. The Constitution guarantees a right to trial in the state where the crime was committed. United States Constitution, Article III, § 2. Article Three is different from the Sixth Amendment provision that gives an accused the right to trial by a jury of the "State and district" where the crime was committed. Professor Wright states that "[a]lthough in theory both constitutional provisions could be satisfied by trying a defendant in one district of a state though the offense was committed in another district, so long as the jurors were selected from the district of the crime, no such

procedure has ever been attempted, and it has been considered that trial in the district of the offense is required." 2 C.A. Wright, Federal Practice and Procedure (Criminal) § 301 (1982).

■ In a criminal case a defendant may waive the right to trial in the district where the crime was committed by requesting the court to transfer the proceedings to another district "for the convenience of parties and witnesses and in the interest of justice." Fed.R.Crim.P. 21(b); C.A. Wright, Federal Practice and Procedure (Criminal) § 306. *See also id.*, § 306 (noting that venue objections are deemed waived unless specifically raised by the defendant). Rule 21 places no limit on what district the court may transfer the case to. In fact Rule 21(b) was amended in 1966 for the purpose of eliminating the requirement that transfer could only be to a district where an offense was committed. *See United States v. Williams*, 437 F.Supp. 1047, 1051 (W.D. N.Y.1977); Wright, *supra*, §§ 343, 345.

■ If the defendant can waive the right to trial in the district where the crime was committed, there appears to be no reason why he should not be able to waive the right as to the taking of some of the trial testimony. The government may not request a change of venue in criminal cases, *see* Advisory Committee Notes to Fed.R. Crim.P. 21, and its consent is not required for a court to transfer a criminal case pursuant to Rule 21(b). *See* Wright, *supra* § 343 (an earlier draft of Rule 21 requiring the consent of the government was rejected by the Committee in the final rule).

■ In a civil case consent should be obtained before a hearing is held outside the district. Rules of Civil Procedure, Rule 77(b). There appears to be no equivalent Rule of Criminal Procedure. *Cf.* Rule 56 of the Rules of Criminal Procedure. *But cf.* Rule 18 of the Rules of Criminal Procedure.

The first draft of the criminal rules contained a rule identical to Rule 77 of the Federal Rules of Civil Procedure. *See* L.

Orfield, Criminal Procedure Under the Federal Rules, § 56.1 (1967). The provision now found in subsection (b) of Civil Rule 77 was, however, omitted in an early redraft of the criminal rules and not reinserted through the subsequent process of revision. *See id.* The Advisory Committee Notes to the rule as adopted, Rule 56, contain no explanation of why the provision was ·omitted.

## II.  DEPOSITIONS

██ Depositions to preserve testimony are specifically authorized under 18 U.S.C. § 3503. A trial judge could appoint a master to take the deposition in the same way as in a civil deposition. *See* Fed.R.Crim.P. 15(d). *Cf.* Fed.R.Civ.P. 30(b)(2) (deposition outside district). A judge may commission someone to take depositions abroad. 18 U.S.C. § 3493. I see no reason why a judge cannot do what he can commission others to do.

The Federal Rules of Civil Procedure allow appointment of a special master to take testimony pursuant to Rule 45. Fed.R. Civ.P. 53(b). Rule 45 in turn permits taking of depositions outside the district. Fed. R.Civ.P. 45(d)(2). The criminal rules have been broadened to permit the court to order a witness to attend at any place. Fed. R.Crim.P. 17(f)(2); 2 C.A. Wright, Federal Practice and Procedure (Criminal) § 278 (2d ed. 1982). Under our Eastern District Rules a master may sit within or without the district. *See* Rule 19(b) of the Joint Civil Rules of the Southern and Eastern District of New York.

██ As I understand the matter, it is not uncommon practice for a judge who wishes to take evidence outside the district to appoint himself a special master to do so. No further order is, in my opinion, required.

██ A television or film recording of the deposition may be, and commonly is, used in criminal trials. A live witness seen by the jury is preferred in American trials. Using the jury rather than a camera is preferable if a nearby witness is available.

## · III.  VIEWS

██ It is not uncommon for a judge to provide for a view with the jury observing the scene. The discretion of the court in this respect is extremely broad. *See* Maguire et al., Evidence 139–143 (6th ed. 1973). Authorities now generally agree that the view provides independent evidence. *Id. Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), indicating that the defendant does not have to be present, is no longer useful since it is inconsistent with general modern principles. The defendant as well as his counsel should be present. *See generally* IV Wigmore on Evidence §§ 1162–1169 (Chadbourn Rev.1972). Since a view may be taken at any place where relevant evidence is located, there can be no inhibition on the court's arranging to transport itself and a jury to another district for this purpose.

## IV.  COMBINED VIEW AND TESTIMONY

██ One of the objections to views is that there is no full record on appeal. If testimony is taken, this objection is avoided. Moreover, a record of a view can be made by television, film cameras, still films and reporters present to take remarks. If the testimony is taken in a place outside the regular district courtroom and a reporter as well as the jury is present, that is preferred. The confusions attendant on views are then avoided.

## V.  TESTIMONY AND HEARINGS AT SICKBED

██ The practice of taking testimony and conducting hearings at the sickbed or in a hospital or home is well known in this district and elsewhere. For example, we often conduct naturalization ceremonies with the clerk and judge present for the aged and infirm outside our courtrooms. There is no sound reason why, if a sick person happens to be outside the geographic district, justice should be frustrated.

In *United States v. Louis Astuto*, 77 CR 220, a judge of this court and a jury proceeded from the district courthouse in Brooklyn to a Staten Island hospital to hear testimony of a witness too ill to be moved. Staten Island is, of course, within the Eastern District of New York as is the Brooklyn courthouse. The distance from the Uniondale courthouse to the courthouse in Westchester County is about the same. *See also United States v. Tomaiolo*, 249 F.2d 683, 692–94 (2d Cir.1957) (upholding district court's power under 28 U.S.C. § 141 to take testimony in home of witness within the district over objection of defendant).

## VI. MOTIONS AND OTHER ACTIONS OUTSIDE THE DISTRICT

It is the normal practice for a judge assigned to or from this district to hear motions and take other action in a case pending in another district while physically in a district other than that in which the case is pending. *Cf., e.g., Cheesman v. Hart*, 42 F. 98 (C.C.Colo.1890); *Sunrise Mayonnaise, Inc. v. Swift & Co.*, 88 F.Supp. 187 (E.D.Pa.1949); *United States v. Roberts*, 618 F.2d 530 (9th Cir.1980), *cert. denied*, 452 U.S. 942, 101 S.Ct. 3088, 69 L.Ed.2d 957 (1981).

*In re Associated Gas & Electric Co.*, 83 F.2d 734 (2d Cir.1936), an opinion by Manton, J., was predicated on an analysis assuming the assignment of a district judge to another district to hear cases in that other district. *Id.* at 737. It relied upon then 28 U.S.C. §§ 13, 22, 23—now 28 U.S.C. §§ 291, 296, 452—which deal with such assignments. Any question in the opinion raised about authority of a judge to take testimony is not relevant to the present discussion. The court's statement in *Associated Gas* that the judicial code "implies that cases pending in a certain district shall be tried there," *id.*, is undoubtedly true. It does not speak to the particular issue of a case being tried in a district where some evidence is being sought in another district. The *Associated Gas* opinion is entitled, in my opinion, to no weight on the instant issue.

## VII. PAYMENT OF EXPENSES

██ While not dispositive, it is the opinion of the counsel for the Administrative Office that transportation of court and jury for purposes of taking testimony outside the district is a proper charge which will be reimbursed out of court funds. Thus, the expenses of the proposed action would be properly incurred.

## VIII. PERMISSION OF CHIEF JUDGE NOT REQUIRED

The provision requiring permission of the chief judge of a circuit for the assignment of a judge to another district court in the circuit has no application. 28 U.S.C. § 292(b). The district judge in the situation now being discussed is sitting as a judge of the Eastern District of New York and is not being designated or assigned to another district.

Keeping the Chief Judge and other personnel of the court informed as a matter of courtesy and to permit proper assignment of marshals and the like for the protection of the court is, of course, to be encouraged. In my opinion, neither the consent of the chief judge of the circuit or of the district is required.

## IX. CONCLUSION

No permission of any judge is required for a judge of this district to hold hearings or take evidence either in or outside the district in a case pending in this district. Evidence may be taken at any place within the district, so long as due process is not denied, with or without the consent of the parties.

If evidence is to be taken outside the district, it is recommended that consent of all parties be obtained in civil cases. In criminal cases the specific consent of the defendant himself should be obtained in writing or on the record. If consent cannot be obtained, a deposition taken outside the district should be used.

No opinion is expressed on whether a court should try part of a criminal case outside the state even if consent of the defendant is given. *See* discussion of Article III of the Constitution under Part I above suggesting the possibility that this is a jurisdictional rather than a venue matter. This limitation does not apply to civil cases.

The defendant and his counsel must be present at all phases of a criminal trial, including views and testimony taken outside the courthouse. An official reporter should take all testimony. Arrangements for protection of the court should be made with the Marshal of this district. The Clerk of the Court will take care of all other logistical requirements.

Clarification of the Federal Rules of Civil and Criminal Procedure to permit portions of trials to be conducted outside the district where the case is pending would appear to be desirable. Whether the rule should extend to areas outside the state and whose consent, if any, should be required warrant serious consideration by the rule making authority.