James DEVIN, Petitioner–Appellant,

v.

George E. DeTELLA, Warden,[1]
Respondent–Appellee.

No. 96–2053.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 31, 1996.

Decided Dec. 4, 1996.

---

1. Respondent has requested that Roland Burris, the former Attorney General of Illinois, and Salvador Godinez, the former warden of Statesville Correctional Center, be dismissed as parties from this action. We grant respondent's motion to dismiss, as both named parties are no longer in office. George E. DeTella, the current warden of Statesville Correctional Center, is added as a party to this action. The current Attorney General is not added as a party to this action, as a "state's attorney general is the proper party only if petitioner is not . . . confined, but expects to be taken into custody." *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir.1996); *see also Cruz v. Warden*, 907 F.2d 665, 665 n. 1 (7th Cir.1990); Rule 2(a) & (b), Rules Governing Section 2254 Cases in the United States District Courts. Because Devin is presently in custody, the proper respondent is petitioner's custodian. *See id.* George E. DeTella is therefore the only properly named respondent.

John A. Meyer (argued), Chicago, IL, for Petitioner–Appellant.

Rita M. Novak and Paul J. Chevlin (argued), Office of Attorney General, Chicago, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, and FLAUM and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Petitioner James Devin was convicted of murdering a fellow inmate while incarcerated in the DuPage County Jail. During his trial, the jury was permitted to view the area of the prison where the crime occurred. Devin alleges that the trial court's failure to inform him that he had a constitutional right to be present while the jury viewed the crime scene violated his rights to due process of law and confrontation. Petitioner also argues that the manner in which the jury view was conducted denied him due process. Specifically, he claims that the trial court erred in not requiring a court reporter to be present and in allowing the view to be conducted by a deputy sheriff of the DuPage County Jail who later testified for the state at petitioner's trial.

On direct appeal, the Illinois Supreme Court held that Devin did not have a constitutional right to be present during the jury view and that no error resulted from the manner in which the jury view was conducted. *People v. Devin*, 93 Ill.2d 326, 67 Ill.Dec. 63, 66–67, 444 N.E.2d 102, 105–06 (1982). Devin filed a petition for writ of habeas corpus in federal district court in 1987, which that court denied for failure to exhaust state court remedies. After exhausting his Illinois post-conviction remedies, Devin filed a second petition for a writ of habeas corpus in federal district court. It is the district court's denial of his second habeas petition, *United States ex rel. Devin v. Godinez*, No. 93 C 6649, 1996 WL 148038 (N.D.Ill. Mar.29, 1996), which Devin now appeals to this court. We affirm the judgment of the district court.

## I.

We first address Devin's argument that the trial court erred in not informing him that he had a constitutional right to be present while the jury viewed the crime scene. On direct appeal, the Illinois Supreme Court, relying on the Supreme Court's decision in *Snyder v. Massachusetts*, 291 U.S. 97, 107, 54 S.Ct. 330, 332–33, 78 L.Ed. 674 (1934), held that Devin had no constitutional right to be present at the jury view. *Devin*, 67 Ill.Dec. at 67, 444 N.E.2d at 106. Because this case comes before this court on

a petition for a writ of habeas corpus, we ask only whether the Illinois Supreme Court's decision is "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States." Antiterrorism and Effective Death Penalty Act of 1996 § 104, Pub.L. No. 104–132, 110 Stat. 1214 (to be codified at 28 U.S.C. § 2254). In applying the recently amended habeas statute, this court has recognized that the new section 2254 "is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." See *Lindh v. Murphy,* 96 F.3d 856, 869 (7th Cir.1996). Under the new habeas provisions, "when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." *Id.*

■ With this in mind, we begin and end our analysis of petitioner's claim with the Supreme Court's decision in *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), in which the Court spoke directly to the issue of whether the Constitution guarantees a criminal defendant the right to be present during a jury view of a crime scene. In that case, the Court held that the Constitution guarantees no such right. The Court reasoned that "the presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Id. at 107–08, 54 S.Ct. at 333. The Court made clear that the presence of the defendant at a jury view is not among those constitutional privileges "conferred so explicitly as to leave no room for an inquiry whether prejudice to a defendant has been wrought through their denial." Id. at 116, 54 S.Ct. at 336. The lesson of *Snyder* is that, if in any given case the exclusion of the defendant from a jury view is found to be a deprivation of due process, it is not because the Constitution guarantees the defendant an absolute right to be present; it is only because his absence, under the particular circumstances of his case, can be said to have denied him a fair proceeding.

Because it is the law as determined by the Supreme Court which prevails on habeas re-view, Snyder is controlling in this case absent Supreme Court precedent to the contrary. The only Supreme Court decisions relied upon by the petitioner are cases holding that an accused has a right to be present at all stages of trial. See *Faretta v. California,* 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562 (1975); *Illinois v. Allen,* 397 U.S. 337, 342–43, 90 S.Ct. 1057, 1060–61, 25 L.Ed.2d 353 (1970). Petitioner argues that, because "most authorities agree that the jury view is an important part of the trial which provides independent evidence," the Constitution guarantees a right to be present at a jury view.

The Court explicitly rejected this argument in *Snyder.* While recognizing the rule that a "defendant in a criminal case must be present at trial when evidence is offered," the Court warned that the scope of the right to due process cannot "be found in dictionary definitions of evidence or trials." *Snyder,* 291 U.S. at 114–15, 54 S.Ct. at 335. Justice Cardozo explained,

A fertile source of perversion in constitutional theory is the tyranny of labels. Out of vague precepts of the Fourteenth Amendment a court frames a rule which is general in form, though it has been wrought under the pressure of particular situations. Forthwith another situation is placed under the rule because it is fitted to the words, though related faintly, if at all, to the reasons that brought the rule into existence.

*Id.* Petitioner's argument that the jury view is an important part of trial is nothing more than an attempt to come within a general rule by assigning the labels of evidence and trial to a jury view. The relevant inquiry remains whether the defendant's absence from the jury view can be said to have denied him a fair trial.

■ We also disagree with petitioner that the Supreme Court cases holding that an accused has a right to be present at all stages of trial could fairly be read as modifying *Snyder's* clear holding. Neither *Faretta v. California* nor *Illinois v. Allen* holds that the right to be present at trial is an absolute right. In *Faretta,* the Court actually cited *Snyder* for the proposition "that an accused

has a right to be present at all stages of the trial *where his absence might frustrate the fairness of the proceedings.*" 422 U.S. at 819 n. 15, 95 S.Ct. at 2533 n. 15 (emphasis added); *cf. Allen,* 397 U.S. at 342–43, 90 S.Ct. at 1060–61 (citing *Snyder* and holding that right to be present can be lost by consent or misconduct).

█ Finally, petitioner urges this court to disregard *Snyder* on the ground that the concept of due process has evolved since that case was decided in 1934. Petitioner, however, offers no Supreme Court cases [2] to support his contention that modern notions of due process are offended whenever a court excludes an accused from a jury view without regard to whether the accused was prejudiced by his absence. We find little merit in petitioner's suggestion that *Snyder* is inconsistent with evolving principles of constitutional law. To the contrary, we believe that the holding of *Snyder* is equally valid today. The Court's holding that "the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial to his opportunity to defend against the charge" is a recognition that the right guaranteed by the Fourteenth Amendment is the right to a fair trial and that "fairness is a relative, not an absolute, concept." *Snyder,* 291 U.S. at 116, 54 S.Ct. at 336. As the Court explained,

> What we are subjecting to revision is not the action of the Legislature excluding a defendant from a view at all times or in all conditions. What is here for revision is the action of the judicial department of a state excluding a defendant in a particular set of circumstances, and the justice or injustice of that exclusion must be deter-

mined in the light of the whole record. Discretion has not been abdicated.

*Id.* at 115, 54 S.Ct. at 335–36. Because discretion has not been abdicated, the determination in any given case whether the trial court's exclusion of an accused from a jury view violates due process will necessarily be made against a backdrop of evolving principles of constitutional law. *Snyder* remains good law and leads this court to conclude that Devin had no absolute constitutional right to be present at the jury view.

## II.

We turn next to the petitioner's argument that it was error for the trial court to conduct the jury view without a court reporter present and to permit the view to be led by a deputy sheriff of the DuPage County Jail who later testified on behalf of the state at petitioner's trial. Petitioner claims that these alleged errors denied him due process. We examine petitioner's allegation of constitutional error in light of the record as a whole to determine whether the circumstances under which the jury view was conducted can be said to have denied petitioner a fair trial. *Cf. Snyder,* 291 U.S. at 115, 54 S.Ct. at 336 ("[T]he justice or injustice of [excluding the defendant] must be determined in light of the whole record.").

█ Petitioner contends that he was prejudiced by the absence of a court reporter as there is no record of what was said during the view. As the Supreme Court recognized in *Snyder,* the relevant question is whether the accused had an "[o]pportunity ... to learn whatever there was a need to know." *Id.* at 109, 54 S.Ct. at 333. In the instant case, defense counsel attended the view as petitioner's representative; petitioner there-

---

**2.** Because it is the law "as determined by the Supreme Court of the United States" which prevails on habeas review, the lower court decisions cited by petitioner cannot carry the day. In addition, we note that the two decisions cited by petitioner hardly support petitioner's claim of evolving consensus in support of an accused's absolute constitutional right to be present at a jury view. In *United States v. Walls,* 443 F.2d 1220 (1971), the Sixth Circuit held only that it was constitutional error in that case for the judge in a bench trial to conduct a jury view without the defendant or his attorney present. *Id.* at

1223. The court explicitly stated that it was relying upon its "supervisory authority over the administration of criminal justice in the District Courts of this Circuit" and that it did "not reach the Constitutional issue presented in *Snyder.*" *Id.* at 1223 n. 3. *See also In re Application to Take Testimony in Criminal Case Outside District,* 102 F.R.D. 521 (E.D.N.Y.1984) (criticizing in dicta *Snyder's* observation that a jury view was historically not considered part of trial in light of the fact that authorities now agree that a jury view provides independent evidence).

fore had an adequate opportunity to learn what the jury saw and heard. In fact, the record indicates that Devin and his counsel apparently believed that the presence of defense counsel alone would adequately protect Devin's interests, as Devin was given the opportunity to personally attend the view and chose not to do so. Prior to the view, the trial judge, the petitioner, defense counsel and the state's attorney met in the judge's chambers to discuss who would accompany the jury and what procedures would be followed. The court asked if the defendant would be going with the jury to view the scene. Defense counsel replied, "He will be staying here but I am going." Defense counsel also did not object to the absence of a court reporter or to the trial judge's decision to remain behind. When asked whether there was any reason for the judge to accompany the jury, defense counsel responded, "Not that I know of." Petitioner chose to allow defense counsel to be his eyes and ears at the jury view.

 Petitioner also argues that it was error to permit the view to be led by a deputy sheriff of the DuPage County Jail who would later testify on behalf of the state. The record indicates that the trial judge gave detailed instructions during the conference held in chambers as to what objects would be pointed out to the jury. Upon returning to the courtroom, the judge also instructed the jury that they were only to observe and not to talk to each other or to ask any questions during the view. Petitioner has pointed to nothing in the record to indicate that the judge's instructions were not followed. Despite petitioner's suggestion to the contrary, we conclude that defense counsel's presence afforded petitioner an adequate opportunity to determine whether the deputy sheriff said anything improper to the jury. Petitioner's bare assertion that he was prejudiced because this particular deputy sheriff led the view is insufficient to demonstrate that he has been denied a fair trial.

 We do not mean to suggest that the procedures employed by the trial court in the instant case were ideal; the oversight of the trial judge and the presence of a court reporter at the view are generally considered desirable. See *Clemente v. Carnicon–Puerto Rico Mgt. Assoc.*, 52 F.3d 383, 386–87 (1st Cir.1995) (stating that jury view should embody certain safeguards and that judge and court reporter should ideally be present); John R. Allison, *Combinations of Decision–Making Functions, Ex Parte Communications, and Related Biasing Influences: A Process Value Analysis*, 1993 UTAH L.REV. 1135, 1219 (stating that presence of trial judge is desirable). However, a "procedure does not run afoul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar." *Snyder*, 291 U.S. at 105, 54 S.Ct. at 332. Devin has failed to demonstrate that he was prejudiced either by the absence of a court reporter or by the court's failure to appoint an impartial guide—much less that he was denied a fair trial in violation of the Fourteenth Amendment.

For the foregoing reasons, the judgment of the district court denying Devin's petition for a writ of habeas corpus is AFFIRMED.